Ponciano **MURILLO-AGUILERA**,
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 17804.

United States Court of Appeals
Ninth Circuit.

Jan. 25, 1963.

David C. Marcus, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Section; and James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

This proceeding was commenced in the district court as one to judicially review,

and obtain a declaratory judgment concerning, an order entered on October 11, 1961 by the Board of Immigration Appeals (Board).[1] The district court transferred the cause to this court purportedly pursuant to section 5(b) of Public Law 87–301, 75 Stat. 651, 8 U.S.C. § 1105a(a).

The Board order of October 11, 1961 resulted from a deportation proceeding which was instituted against petitioner on October 7, 1960. In the order to show cause by which those proceedings were initiated, it was charged that petitioner was subject to deportation on three charges under section 241(a) (1) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1251(a) (1). Pursuant to this order a deportation hearing was held on October 14, November 8, and December 21, 1960. At this hearing petitioner filed an application for permission to reapply for admission into the United States after deportation or removal, *nunc pro tunc*, as of March 28, 1960.

On March 10, 1961, the special inquiry officer before whom the matter was heard rendered his decision denying the application to reapply for admission and ordering deportation on all three charges. While petitioner had made no formal application for waiver of grounds of excludability, the special inquiry officer considered applications as having been made *nunc pro tunc* as of April 26, 1960, under sections 5 and 7 of the Act of September 11, 1957,* and denied these applications.

Although entitled to do so, petitioner took no appeal from this decision to the Board. On March 27, 1961, however, he filed with the Immigration and Naturalization Service a motion denominated "Petition for Reconsideration." This motion was denied by the special inquiry officer on March 31, 1961, it being stated in the order of denial that no matters were presented which were not fully con-

sidered in the decision of March 10, 1961. Petitioner took no appeal from this order to the Board.

On May 1, 1961, petitioner filed a motion denominated "Petition to Reopen, Reconsider and for Permission to Apply for Suspension of Deportation." On May 5, 1961, this motion was denied by the special inquiry officer. Insofar as the petition sought a reopening of the deportation proceeding and a reconsideration of the order of deportation, the denial was on the ground that no new matters were presented which were not fully considered in the decisions of March 10 and 31, 1961. The reason stated by the special inquiry officer in this order for denying the application for suspension of deportation was that petitioner was statutorily ineligible for such relief.

On May 12, 1961, petitioner appealed to the Board from the order of May 5, 1961. The Board dismissed this appeal on October 11, 1961. The proceeding now before us was then commenced in the district court and transferred here.

Respondent Service contends that this court is without jurisdiction to entertain this proceeding as it is assertedly not one to review a final order of deportation. In this connection our attention is called to the fact that petitioner did not appeal to the Board from the order of deportation of March 10, 1961, and to the fact that the appeal which was taken to the Board was of limited scope.

█ We agree. Petitioner did not pursue his administrative remedy by appealing to the Board from the order of deportation entered on March 10, 1961. The only appeal taken to the Board was that of May 12, 1961. This appeal was from the order of May 5, 1961, denying a motion for reconsideration of the order of deportation and an application for suspension of deportation. While certain recitals in the notice of appeal dated May 12, 1961 purportedly draw into question

---

1. Plaintiff invoked the Declaratory Judgments Act, 28 U.S.C. § 2201, and certain provisions of the Administrative Procedure Act, 5 U.S.C. § 1001 et seq.

* See 8 U.S.C. § 1282(f–h).

the order of March 10, 1961, the appeal was untimely for any such purpose.[2]

By reason of petitioner's failure to exhaust his administrative remedies the order of deportation entered March 10, 1961 is not subject to judicial review. Siaba-Fernandez v. Rosenberg, 9 Cir., 302 F.2d 139, 141.

■ The actions of the special inquiry officer in denying the second motion for reconsideration, and in denying the application for suspension of deportation, were properly brought before the Board on appeal.[3] The Board's order of October 11, 1961 constitutes a disposition of those matters. But neither of these actions by the special inquiry officer constituted an order of deportation. It follows that the Board's order of October 11, 1961 does not constitute a final order of deportation.

■ Under section 106(a) of the Act, 8 U.S.C. § 1105a as added by section 5(a) of Public Law 87–301, 75 Stat. 651, jurisdiction is conferred upon this court to review "* * * all final orders of deportation * * *." We have recently held that, as so limited by statute, this court does not have jurisdiction to review an order of the Board denying a motion made before it to reopen a deportation proceeding in which a deportation order has previously been entered and has become final.[4] It follows that we do not have jurisdiction to review a Board order dismissing an appeal from an order of a special inquiry officer denying a motion for reconsideration of a final order of deportation.

What is said above with regard to the motion for reconsideration is true also concerning the application for suspension of deportation. Gallegos v. Immigration and Naturalization Service, 9 Cir., 310 F.2d 688.

It is ordered that this matter be re-transferred to the District Court for the Southern District of California, Central Division.

---

2. Title 8, Code of Federal Regulations, § 242.21(c) provides:

"(c) *Time for taking appeal.* An appeal shall be taken within ten days after the mailing of a written decision or of a typewritten copy of an oral decision or the service of a summary decision on Form I–38 or I–39."

3. A special inquiry officer has authority to entertain a motion to reopen or reconsider. 8 C.F.R. § 8.1. His decision thereon may be appealed to the Board. 8 C.F.R. §§ 6.1(b) (2), 8.11(e).

4. Gallegos v. Immigration and Naturalization Service, 9 Cir., 310 F.2d 688; Giova v. Rosenberg, 9 Cir., 308 F.2d 347. See, also, Arreche-Barcelona v. Immigration and Naturalization Service, 9 Cir., 310 F.2d 690; Holz v. Immigration and Naturalization Service, 9 Cir., 309 F.2d 452; Mai Kai Fong v. Immigration and Naturalization Service, 9 Cir., 305 F.2d 239. Cf. Fong v. Immigration and Naturalization Service, 9 Cir., 308 F.2d 191.