Shaffiq KASSAB, Petitioner,

v.

IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.

No. 18650.

United States Court of Appeals Ninth Circuit.

Sept. 24, 1963.

Murray M. Chotiner, Beverly Hills, Cal., and Patrick J. Hillings, Los Angeles, Cal., for petitioner.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Section, and James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before BARNES and JERTBERG, Circuit Judges, and STEPHENS, Jr., District Judge.

BARNES, Circuit Judge.

This is an appeal from several orders of the Immigration and Naturalization

Service requiring that petitioner either voluntarily depart from the United States or be involuntarily deported pursuant to a previous order of deportation.

Petitioner is an alien, a native of Iraq, and a citizen of Israel. He last entered the United States at New York, New York, on or about June 1, 1959, at which time he was admitted *as a nonimmigrant for pleasure* and was authorized to remain in the United States as a nonimmigrant until January 7, 1961.

On January 19, 1961, an Order to Show Cause and Notice of Hearing was issued by the Immigration and Naturalization Service, charging that petitioner was subject to deportation pursuant to the following provisions of law:

"Section 241(a) (2) of the Immigration and Nationality Act [8 U.S. C. § 1251(a) (2)], in that, after admission as a nonimmigrant under Section 101(a) (15) of said Act [8 U.S.C § 1101(a) (15)] you have remained in the United States for a longer time than permitted."

Pursuant to the aforementioned Order to Show Cause, a deportation hearing was held at Los Angeles, California, on February 7, 1961. At this deportation hearing petitioner admitted the truth of the allegations in the Order to Show Cause, and admitted his deportability on the charge therein contained.

At this deportation hearing petitioner made an oral application that he be granted voluntary departure. Evidence was received with respect to this application, following which the special inquiry officer rendered an oral decision which included the following order:

"ORDER: IT IS ORDERED that in lieu of an order of deportation the respondent be granted voluntary departure without expense to the Government within such time and under such conditions as the district director shall direct.

"IT IS FURTHER ORDERED that if the respondent fails to depart when and as required, the privilege of voluntary departure shall be withdrawn without further notice or proceedings and the following order shall thereupon become immediately effective: the respondent shall be deported from the United States in the manner provided by law on the charge contained in the Order to Show Cause."

Petitioner has not voluntarily departed. He is still in the United States.[1]

He has not appealed from that order, except by this proceeding.

Later in 1961, Congress saw fit to pass Public Law 87-301. Section 5(a) thereof became 8 U.S.C.A. § 1105a. It related to judicial review of orders of deportation and exclusion, and set up an exclusive procedure. It gave exclusive jurisdiction for any appeal from any order of deportation to the court of appeals of the circuit in which the administrative proceeding

---

1. By letter of June 15, 1961, the Immigration and Naturalization Service advised Petitioner that since a private bill was being considered by the Congress in his behalf, no steps would be taken to enforce his departure until August 1, 1962 (Ex. A–1). By letter of December 18, 1961, the Service informed petitioner that if he did not depart by August 1, 1962, his "deportation has been directed to the country indicated in the attached Form * * *" (Israel. Ex. A–2 and A–3.) By letter of June 15, 1962, the Service informed petitioner that since a private bill in his behalf was being considered by the Congress, he would be permitted to remain in the United States until February 1, 1963, or 30 days following adverse action on the bill, whichever occurred sooner (Ex. A–4). His time was extended until March 3, 1963.

The Immigration and Naturalization Service notified petitioner by letter of March 25, 1963, that he was to be deported to Israel and that he would be notified when arrangements for his departure had been completed. By a letter of April 3, 1963, petitioner was notified by the Service that arrangements had been made for his departure on April 9, 1963, and that he was to report to an Immigration Officer at a certain time and place on that date, prepared to depart. Petitioner apparently did not arrive at the appointed place and hour and thus did not depart.

before the special inquiry officer took place.

It also provided that any petition for review was required to be filed "not later than six months from the date of the final deportation order or from the effective date of this section, whichever is the later."

■ The final order deporting petitioner was dated February 7, 1961. While petitioner was notified "no steps would be taken to enforce his departure" on two occasions (see note 1, supra), such letters did not change the finality of the deportation order against him.

■ The statute mentioned was passed by Congress on September 26, 1961, and became effective October 26, 1961. Six months later was April 26, 1962. No petition was filed until May 3, 1963. Very clearly we have no jurisdiction to consider petitioner's petition to review his own final order of deportation.

■ Not only has petitioner not come within the provisions of law as to time, he has failed to exhaust his administrative remedies. Section 1105a(c) of Title 8, United States Code, prohibits this court from considering his appeal from his own deportation order under such circumstance. Cf. Siaba-Fernandez v. Rosenberg, 9 Cir., 1962, 302 F.2d 139.

■ Petitioner seeks relief from the provisions of the statute by alleging that respondent's letter-notice to petitioner, dated December 18, 1961 was "in legal effect a final deportation order, effective March 3, 1963." That letter (Exhibit A attached to petition) merely gave petitioner a new date of departure. This court has already ruled such a notice of departure date is not a "final order of deportation." Mai Kai Fong v. Immigration & Nat. Service, 9 Cir. 1962, 305 F.2d 239. This court has consistently followed what might be called the narrow view of the statute; a view which remains the majority view of the various circuits and corresponds more closely, in our opinion, to congressional intent. Such "letters" are "orders made pursuant to 8 U.S.C.A. § 1253, subsequent to entry

of the final order of deportation." Mai Kai Fong v. Immigration & Nat. Service, supra, Cf. also: Murillo-Aguilera v. Immigration & Nat. Service, 9 Cir., 1962, 313 F.2d 141; Arreche-Barcelona v. Immigration & Nat. Service, 9 Cir. 1962, 310 F.2d 690; Holz v. Immigration & Nat. Service, 9 Cir. 1962, 309 F.2d 452; Giova v. Rosenberg, 9 Cir. 1962, 308 F.2d 347.

Further, under Section 242(b) of the Immigration and Nationality Act, only special inquiry officers can issue orders of deportation. No special inquiry officer signed the December 18, 1961 letter. It was not an order of deportation.

■ Petitioner next seeks to avoid the effect of the lack of jurisdiction and his failure to exhaust his administrative remedies by urging that his consent to voluntary departure was not voluntarily given, but "coerced." We find no merit in this suggestion. Petitioner was represented by counsel of his own choice, and has not to this date denied the truth of the admissions he made to the charges filed against him, as a result of which he was ordered deported, as required by law.

■ Finally, petitioner seeks to avoid his own order of deportation because of his wife's "Petition by Permanent Resident Alien for Issuance of Immigrant Visa," filed December 12, 1958, by her on his behalf. Petitioner is incorrect in asserting he "was granted an immigration visa on petition of his wife." Her action gave him a preferred status under Section 203(a) (3) of the Immigration and Nationality Act, which might have aided him had he sought to obtain a visa to enter this country. Instead, he preferred, for reasons of his own (as explained at his hearing when he sought voluntary departure), to apply for an immigrant visa, but not to follow through on such application, and to follow a different procedure for coming into this country, i. e., as a visitor. He was admitted to the United States a second time as a *nonimmigrant visitor* for pleasure only. (R. 23–28.) He was deportable by reason of overstaying his leave as such

nonimmigrant visitor;[2] that was the only charge placed against him, and his wife's difficulties[3] had nothing to do with *his* deportation; and cannot prevent it.

The order of deportation outstanding against petitioner is upheld for the reasons hereinabove set forth. The petition is denied.

**2.** Mesina v. Rosenberg, 9 Cir. 1960, 278 F. 2d 291.

**3.** On March 13, 1962, the status of permanent residence granted the wife on November, 12, 1958, was rescinded (Ex. B–82–83) and she was ordered deported (Ex. B–41) after hearing, and appeal to the Board of Immigration Appeals.