Eleftherios **LIADAKIS**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 9442.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 2, 1964.

Decided Dec. 7, 1964.

F. Murray Callahan, Washington,
D. C., for petitioner.

David E. Birenbaum, Washington,
D. C., for American Civil Liberties Union, amicus curiæ.

Maurice A. Roberts, Attorney, Department of Justice (Claude V. Spratley, Jr.,
U. S. Atty., and Samuel W. Phillips, Asst.
U. S. Atty., on brief), for respondent.

Before SOBELOFF, Chief Judge, and
FAHY and BRYAN, Circuit Judges.

PER CURIAM:

 Petitioner is concededly a deportable alien. Pursuant to Section 243
(h) of the Immigration and Nationality
Act, 66 Stat. 214 (1952), 8 U.S.C. § 1253
(1958), he applied to the Attorney General to exercise his discretion to withhold deportation. After intermediate
proceedings the Board of Immigration
Appeals denied the application by order
entered April 18, 1963. A petition to review such an order is by statute required
to be filed within six months from its
date. Immigration and Nationality Act,
§ 106(a) (1), as added by 75 Stat. 651
(1961), 8 U.S.C. § 1105a(a) (Supp. V,
1959–63). The petition to this court,
vested with exclusive jurisdiction to review the order, Foti v. Immigration &
Naturalization Service, 375 U.S. 217, 84
S.Ct. 306, 11 L.Ed.2d 281 (1963), was
not filed until April 10, 1964. It is therefore untimely.

██ Within six months from the date
of the order petitioner did petition the
United States District Court for the District of Columbia for review by that
court. Under stipulation the matter was
there held in abeyance pending the outcome of Foti, supra, after which the Dis-

trict Court dismissed the case. These circumstances do not authorize us to extend the period, fixed by statute, within which a petition must be filed in the court having jurisdiction to review the order.

Respondent suggests that petitioner is not remediless, since, it is said, the issue he would have us decide can be raised in habeas corpus proceedings should petitioner be taken in custody for purposes of deportation. Whether or not this suggestion is sound we are not called upon to decide in this case.

Dismissed.