Panagiotis **KLADIS**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 14862.

United States Court of Appeals
Seventh Circuit.

March 23, 1965.

Peter Bakakos, George W. Alexander, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., Richard G. Schultz, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for respondent.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

This matter is before us on the petition of Panagiotis Kladis (petitioner) for review of an order of the Immigration and Naturalization Service (respondent) under Public Law 87–301, Title 8 U.S.C.A. § 1105a.

Petitioner asserts the District Director abused his discretion by refusing to grant a stay of deportation to allow petitioner to remain in the United States to recover funds due him in a case pending before the Illinois Industrial Commission in which he claims compensation for an alleged injury on May 20, 1964, while he was working.

Petitioner is a citizen of Greece. He was admitted to the United States at New York, New York on April 8, 1961 as a nonimmigrant visitor for pleasure. He was authorized to remain here until May 29, 1962. He did not depart prior to or on that date.

On August 6, 1962, petitioner was served with an order to show cause why he should not be deported. A hearing was had before a Special Inquiry Officer on August 16, 1962. Petitioner was represented by counsel. At the hearing petitioner admitted he was subject to deportation on the charge contained in the order to show cause. He stated there was then pending in Congress a private bill introduced on June 28, 1962 to grant him permanent residence in the United States. He asked for a stay during pendency of this bill. He was advised by the Special Inquiry Officer that such a stay was a matter for the District Director.

After being further informed of his rights, petitioner requested the privilege of voluntary departure without expense to United States within such time and under such conditions as the District Director should direct. This was granted and so ordered.

At the conclusion of the hearing, having heard and examined the order to be entered, petitioner was advised the order would be final unless an appeal was taken to the Board of Immigration Appeals. Petitioner and his counsel each stated he understood the order and waived appeal therefrom. 8 C.F.R. § 242.21.

On August 16, 1962, the Special Inquiry Officer ordered petitioner deported if he failed to voluntarily depart when so ordered by the District Director. No appeal was taken therefrom. The order thereupon became final. 8 C.F.R. § 243.1. The instant petition for review was not filed until October 29, 1964.

Thereafter, petitioner continued to remain in the United States. The bill pending in Congress for his private relief was not enacted into law.

After being notified of petitioner's pending claim before the Illinois Industrial Commission, the District Director on four occasions reconsidered petitioner's circumstances and granted a stay of deportation. On first learning of the pending claim, an extension was immediately granted from June 6, 1964 to July 6, 1964. On being notified by the Industrial Commission that the hearing was scheduled for July 15, 1964, another stay to July 20, 1964 was promptly granted without request from petitioner.

After petitioner failed to report on July 20, 1964, the director inquired of the Commission and learned the hearing had been continued for five months. The deportation date was extended to September 20, 1964. Petitioner again failed to report and a further extension was granted to October 20, 1964. When petitioner failed to honor this last departure date, the director withdrew the voluntary departure order on October 21, 1964.

It is undisputed that petitioner has taken no steps to expedite his hearing before the Industrial Commission or to have his own deposition taken therein. Further, petitioner completely ignored the several extended departure dates of which he had notice.

On October 21, 1964, a warrant of deportation was issued and notice thereof was sent to petitioner. On October 26, 1964, petitioner filed his current motion for stay of deportation pending decision of his injury claim. The stay application was denied by the District Director on October 26, 1964. An order to report for deportation to Greece on November 4, 1964 was issued by the Assistant District Director on October 28, 1964. As indicated, the instant petition for review of the order of denial of stay on October 26, 1964, was filed in this court on October 29, 1964.

The petition for review must be denied for several reasons.

█ The final order of deportation was entered on August 16, 1962. Under the Act, a petition for review must be filed not later than six months from the date of the final order of deportation. 8 U.S.C.A. § 1105a(a) (1). The petition

**515**

for review was not timely filed. The document petitioner seeks to designate as a final order of deportation is merely a notice to him of his departure date. For this reason, we have no jurisdiction to hear this petition. Kassab v. Immigration and Naturalization Service, 9 Cir., 322 F.2d 824, 826 (1963).

█ Petitioner has failed to exhaust his administrative remedies by expressly waiving his right to appeal the order of deportation entered on August 16, 1962 within ten days after the entry of the Special Inquiry Officer's decision of deportation. 8 U.S.C.A. § 1105a(c). Kassab v. Immigration and Naturalization Service, supra, at 826.

█ We need not cite authority to say that a stay of deportation, an extension of a stay or any other relief from deportation are actions committed to administrative discretion. They are matters of grace and not of right and will not be set aside by the courts, absent a clear showing of abuse of discretion.

Petitioner cites and relies on one case, Mastrapasqua v. Shaughnessy, 2 Cir., 180 F.2d 999, 1002 (1950). This reliance is misplaced. There relief was granted an alien because the Board of Immigration Appeals abused its discretion in refusing *as a matter of policy* to grant discretionary relief to *any alien* whose presence in the United States was caused by World War II. In the case at bar, petitioner makes no contention that he was denied a stay as a matter of policy.

█ We find no rational basis for holding that petitioner was denied relief because of an abuse of discretion by any official who may have dealt with him. Quite to the contrary, he has been permitted to remain here since May 29, 1962, the date fixed for his return to Greece when he was first admitted on April 8, 1961.

Respondent suggests we may wish to reconsider our holding in Roumeliotis v. Immigration and Naturalization Service, 7 Cir., 304 F.2d 453 (1962), cert. den. 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed.2d 230,

on the broader question of ancillary jurisdiction. This we decline to do.

The order of deportation outstanding against petitioner is affirmed and the petition for review is denied.

Order affirmed.

Petition denied.