**Polichronis SFIKAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 15520.**

United States Court of Appeals
Seventh Circuit.

Nov. 23, 1966.

Rehearing Denied Feb. 3, 1967.

Nathan T. Notkin, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., Jules Terrence Brunner, Asst. U. S. Atty., Chicago, Ill., for respondent, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before MAJOR, Senior Circuit Judge, and KNOCH and FAIRCHILD, Circuit Judges.

KNOCH, Circuit Judge.

The petitioner, Polichronis Sfikas, a native and citizen of Greece, who entered the United States as a crewman, was granted voluntary departure at his own expense on December 10, 1965, and allowed until January 14, 1966, to depart.

When the question of his ability to pay his own passage was raised, his aunt,

who had posted a $1,000 bond for him, stated that she would pay for his return passage. The government contends that the line of evidence on this point is susceptible of the conclusion that petitioner's aunt possessed or had access to funds in addition to the $1,000 bond. Whatever inferences to that effect might otherwise have been drawn from the earlier statements she made, the fact is that when she was finally asked:

"How much money do you have, Ma'am?"

She answered:

"I have the $1,000.00 that I put up for the bond."

The petitioner himself said he had $25 and that he would have funds to depart if he had a chance to earn them.

At the conclusion of the testimony, the Special Inquiry Officer granted voluntary departure.

On January 14, 1966, the date set for departure, the petitioner, in writing, requested an extension of time to earn the money for his ticket home or return of the bond previously posted by his aunt, for the same purpose.

The petitioner's request was summarily denied on the same date as evidenced by a handwritten note on the face of the petitioner's request as follows:

"1–14–66 Mr. Notkin [petitioner's attorney] was advised that no further extensions were feasible in this case and that if subj. did not depart today a warrant of deportation will be issued and steps taken to deport him."

This petition for review followed.

The respondent suggests now that if no other funds were available, the petitioner might have surrendered prior to the date set for departure, preferably a week prior to that date, on the day when he was asked to report the date, place and manner in which he proposed to leave; after which the bond would have been returned to his aunt, who could then buy his ticket.

If in fact refund of the bond and an opportunity to buy a ticket out of its proceeds was assured, it seems unreasonable to have summarily denied petitioner's request with no suggestion of this alternative procedure now set out in the respondent's brief.

It appears to us that it would surely have been equally reasonable to refund a part of the bond, perhaps one-third, for the purchase of the ticket. Under those circumstances, petitioner could have long since returned to Greece. If his aunt had not used the funds for that purpose, a substantial sum would still have remained with the Service as bond for the petitioner's actions.

In the light of all the circumstances of this case, it seems to us that there has been an abuse of discretion in the summary denial of the petitioner's request. Kladis v. Immigration and Naturalization Service, 7 Cir., 1965, 343 F.2d 513, 515.

This matter is remanded to the respondent for further consideration.

Reversed and remanded.