**Helena Hilda BUTTERFIELD, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-
TION SERVICE of the United
States, Respondent.**

**No. 20865.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 12, 1968.

Decided Feb. 20, 1969.

Petition for Rehearing Denied
April 21, 1969.

Miss Helena Hilda Butterfield, pro se.

Mr. Roger E. Zuckerman, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Gil Zimmerman, Asst. U. S. Attys., were on the brief, for respondent.

Messrs. Jack Wasserman and Milton C. Gelenian, Washington, D. C., filed a brief on behalf of the Washington, D. C. Chapter, Association of Immigration and Nationality Lawyers, as amicus curiae.

Before EDGERTON, Senior Circuit Judge, and TAMM and ROBINSON, Circuit Judges.

PER CURIAM:

Petitioner, a citizen of Great Britain born in India of English parents, entered the United States on January 8, 1962, as a nonimmigrant visitor authorized to stay until July 7, 1962. After she remained past the latter date, a deportation proceeding was conducted before a special inquiry officer pursuant to Section 242(b) of the Immigration and Nationality Act.[1] Determining in that proceeding that petitioner was a deportable alien, the special inquiry officer, on March 22, 1963, entered an order extending to petitioner the option of voluntary departure in lieu of deportation,[2] but providing, in the event that she did not utilize that privilege, for her deportation to Great Britain. Petitioner did not avail herself of an administrative appeal from the deportation order to the Board of Immigration Appeals,[3] nor did she voluntarily depart.

On January 17, 1966, petitioner filed with the local district director of the Immigration and Naturalization Service a petition pursuant to Section 203(a) (3) of the Act seeking a third preference professional classification for quota immigration purposes.[4] On January 10, 1967, after an investigation, reclassification was denied. This ruling was appealed to the regional commissioner[5] who, on March 3, 1967, affirmed the district director's decision. Thereafter, on March 9, 1967, the district director notified petitioner to surrender on March 23, 1967, for deportation as required by the outstanding deportation order.

Petitioner then solicited judicial relief. Acting *pro se*,[6] on March 22, 1967, she filed a petition in the District Court for the District of Columbia[7] and on March 27, 1967, a similar petition in this court.[8]

1. 8 U.S.C. § 1252(b) (1964).

2. Pursuant to Immigration and Nationality Act § 244(e), 8 U.S.C. § 1254(e) (1964). The "granting of voluntary departure relief does not result in the alien's not being subject to an outstanding final order of deportation." Foti v. INS, 375 U.S. 217, 219 n. 1, 84 S.Ct. 306, 308, 11 L.Ed.2d 281 (1963). See also Cheng Fan Kwok v. INS, 392 U.S. 206, 207 n. 4, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968).

3. Pursuant to 8 C.F.R. § 3.1(b) (2) (1968).

4. Immigration and Nationality Act § 203 (a) (3), 8 U.S.C. § 1153(a) (3) (Supp. I 1965), as amended, which extends the preference to "qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

5. Pursuant to 8 C.F.R. § 103.1(e) (1) (1968).

6. The record shows that petitioner had the assistance of counsel, apparently on a voluntary basis, in the preparation of the petition for review, but seemingly she has since acted alone. At no time has she sought appointment of counsel by this court. See also note 16, *infra*.

7. Butterfield v. INS, Civ. No. 688–67 (D.D.C. March 22, 1967). This petition is still pending in the District Court, and no action has as yet been taken on it. See note 8, *infra*.

8. The Immigration Service moved both in the District Court and in this court for consolidation of the two petitions into a single proceeding here. The District Court entered an order holding further proceedings there in abeyance pending disposition of the motion filed here. Aside from the question whether in any event

While the petition addressed to us seeks review of "the order * * * denying suspension of deportation," the administrative record discloses no application for a suspension of deportation[9] made during the course of the deportation proceeding. And since the allegations of the petition focus not upon that proceeding or its terminal order, but rather upon the merits of the rejected application for a third preference classification,[10] the quoted language can meaningfully refer only to the order denying reclassification in regard to its negative effect upon the existent order of deportation.[11]

■ Our jurisdiction in this case is to be found, if at all, in Section 106(a) of the Act.[12] That section directs that the review procedures specified in the Administrative Orders Review Act[13] "shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens * * * pursuant to administrative proceedings under section 242(b) of this Act * * *." On the other hand, "[i]n

situations to which the provisions of § 106(a) are inapplicable, the alien's remedies would, of course, ordinarily lie first in an action brought in an appropriate district court." [14] Concern as to our authority to entertain the petition for review heightened upon rendition of the Supreme Court's recent decision in Cheng Fan Kwok v. Immigration and Naturalization Service.[15] In consequence, we *sua sponte* extended to the litigants the opportunity to present memoranda and oral argument on that question.[16] And now, after mature consideration of the problem, we conclude that the petition must be dismissed for lack of jurisdiction.

The Supreme Court has thrice had occasion to consider the jurisdictional reach of Section 106(a). In Foti v. Immigration and Naturalization Service,[17] the Court held that a request, made in the course of a Section 242(b) deportation proceeding, for a suspension of deportation under Section 244(a) (5)[18] falls within the purview of Section 106(a).[19] In Giova v. Rosenberg,[20] it was

we have authority to effect the requested consolidation, as to which we intimate no view, it would obviously be inappropriate to exercise it unless our jurisdiction of the petition for review is clear.

9. See Immigration and Nationality Act § 244, 8 U.S.C. § 1254 (1964).

10. The petition also contains vague allegations charging that undesignated proceedings by the Immigration Service were improperly instigated and promoted by a named individual who has been petitioner's adversary in other litigation. The record discloses, however, that petitioner's difficulties with that individual had their inception after the Section 242(b) deportation proceeding had ended. Consequently, these allegations cannot be accepted as an attack upon the deportation order.

11. This construction of petitioner's prayer for relief is bolstered by the additional fact that the only "order" referred to in the petition for review is the district director's letter of March 9, 1967, which, six days after the decision on petitioner's appeal from denial of the third preference classification, directed her to report for deportation.

12. 8 U.S.C. § 1105a(a) (1964).

13. 28 U.S.C. §§ 2341–2352 (Supp. II 1965–66).

14. Cheng Fan Kwok v. INS, *supra* note 2, 392 U.S. at 210, 88 S.Ct. 1970, 1973.

15. *Supra* note 2.

16. Since petitioner faced the complications of the jurisdictional issue without counsel, the Washington, D. C., Chapter of the Association of Immigration and Nationality Lawyers, a national organization of attorneys specializing in immigration and nationality matters, was permitted to file a memorandum of law as amicus curiae.

17. *Supra* note 2.

18. 8 U.S.C. § 1254(a) (5) (1964).

19. There the Court stated that "all determinations made during and incident to the administrative proceeding conducted by a special inquiry officer, and reviewable together by the Board of Immigration Appeals, * * * are * * * included within the ambit of the exclusive jurisdiction of the Courts of Appeals under § 106(a)." 375 U.S. at 229, 84 S.Ct. 306, 314.

20. 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), rev'g 308 F.2d 347 (9th Cir. 1962).

decided that Section 106(a) likewise embraces a motion to reopen a Section 242(b) proceeding that culminates in a deportation order.

In *Cheng Fan Kwok*,[21] however, it was determined that Section 106(a) does not confer jurisdiction to review the denial of a stay of deportation where the order denying it was not entered in the course of a Section 242(b) proceeding. There the petitioner, after the proceeding under Section 242(b) had ended in an order of deportation, sought from a district director of immigration a stay of deportation pending disposition of an application for adjustment of status.[22] The Immigration Service contended that Section 106(a) "should be understood to embrace all determinations 'directly affecting the execution of the basic deportation order,' whether those determinations have been reached prior to, during or subsequent to the deportation proceeding."[23] The Supreme Court, however, rejected that construction. Treating the statutory language and legislative history of Section 106(a) and its character as a jurisdictional provision, the Court concluded "that Congress quite deliberately restricted the application of § 106 (a) to orders entered during proceedings conducted under § 242(b), or directly challenging deportation orders themselves."[24] It accordingly held "that the judicial review provisions of § 106(a) embrace only those determinations made during a proceeding conducted under §

242(b), including those determinations made incident to a motion to reopen such proceedings."[25]

In the case at bar, petitioner does not attack the order of deportation directly, nor could she. That order became final without administrative appeal,[26] and the petition under scrutiny came almost three years after the order was passed. Thus direct review of the deportation order is precluded both by a failure to exhaust administrative remedies,[27] and by the statutory time bar.[28] Moreover, petitioner's allegations state no cause of action against the deportation order, and identify no effort before the special inquiry officer or the Board of Immigration Appeals to suspend it.[29]

Nor do we derive jurisdiction from the district director's refusal to award petitioner a third preference classification. Petitioner's endeavor to obtain it was made independently of the deportation proceeding, and long after it was concluded. The reclassification was sought, not from a special inquiry officer empowered to conduct deportation proceedings, but from a district director of immigration who lacks that authority. And the application for reclassification did not impugn either the finding of deportability or the order directing deportation, but instead sought an alternative solution for petitioner's immigration woes.[30]

Even prior to *Cheng Fan Kwok*, there was respectable authority supporting the

21. *Supra* note 2.

22. Pursuant to 8 U.S.C. § 1153(a) (7) (Supp. I 1965).

23. 392 U.S. at 210 (footnote omitted), 88 S.Ct. 1970.

24. *Id.* at 215 (footnote omitted), 88 S.Ct. 1970, 1975.

25. *Id.* at 216 (footnote omitted), 88 S.Ct. 1970, 1976.

26. See note 3, *supra*, and accompanying text.

27. Immigration and Nationality Act § 106(c), 8 U.S.C. § 1105a(c) (1964). See also Samala v. INS, 336 F.2d 7, 11 (5th Cir 1964) ; Rodriguez DeLeon v. INS, 324 F.2d 311, 312 (9th Cir. 1963) ; Murillo-Aguilera v. INS, 313 F.2d 141, 143 (9th Cir. 1963) ; Siaba-Fernandez v. Rosenberg, 302 F.2d 139, 141 (9th Cir. 1962).

28. Immigration and Nationality Act § 106(a) (1), 8 U.S.C. § 1105a(a) (1) (1964). See also Liadakis v. INS, 339 F.2d 447, 448 (4th Cir. 1964) ; Mangiameli v. INS, 351 F.2d 589, 590–591 (7th Cir. 1965) ; Kassab v. INS, 322 F.2d 824, 826 (9th Cir. 1963).

29. See notes 8–11, *supra*, and accompanying text.

30. Compare Cheng Fan Kwok v. INS, *supra* note 2, 392 U.S. at 217, 88 S.Ct. 1970.

position that Section 106(a) does not apply to a situation such as this.[31] And *Cheng Fan Kwok,* very clearly we think, compels that conclusion here.[32] Our dismissal of the petition for want of jurisdiction does not mean that petitioner cannot litigate her latest contention. It does mean that she must present her challenge to the District Court, wherein lies the exclusive original jurisdiction to consider it.

Petition dismissed.

31. E. g., Tai Mui v. Esperdy, 371 F.2d 772, 776–778 (2d Cir. 1966); Scalzo v. Hurney, 314 F.2d 675 (3d Cir. 1963); Samala v. INS, *supra* note 27, 336 F.2d at 10–11; Mendez v. Major, 340 F.2d 128, 131 (8th Cir. 1965); Yamada v. INS, 384 F.2d 214 (9th Cir. 1967).

32. The similarity of *Cheng Fan Kwok* to the instant case is indicated by the Supreme Court's description: " * * * the order in this case was issued more than three months after the entry of the final order of deportation, in proceedings entirely distinct from those conducted under § 242(b), by an officer other than the special inquiry officer who, as required by § 242(b), presided over the deportation proceeding. The order here did not involve the denial of a motion to reopen proceedings conducted under § 242 (b), or to reconsider any final order of deportation. Concededly, the application for a stay assumed the prior existence of an order of deportation, but petitioner did not 'attack the deportation order itself but instead [sought] relief not inconsistent with it.'" 392 U.S. at 212–213, 88 S.Ct. 1970, 1975, quoting Tai Mui v. Esperdy, *supra* note 31, 371 F.2d at 777 (footnote omitted).