MATTER OF YANEZ-JAQUEZ

In Deportation Proceedings

A-10532657

*Decided by Board March 26, 1970*

The six-month period specified in section 106(a)(1) of the Immigration and Nationality Act, as amended, for the filing of a petition for judicial review is not a limitation on the power of the Service to execute a final deportation order during that period when judicial review has not been sought.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude, to wit, passing a forged instrument (1968), committed within five years after entry (1967), and sentenced to confinement therefor in a prison or corrective institution for a year or more.

ON BEHALF OF RESPONDENT:
Albert Armendariz, Esquire
543 Magoffin Avenue
El Paso, Texas 79901

ON BEHALF OF SERVICE:
William E. Weinert
Trial Attorney
(Brief filed)

Counsel for respondent has moved for reconsideration of our order dated January 16, 1970, Interim Decision No. 2019. We have carefully reexamined the record in the light of the matters assered in the motion. We are satisfied that our decision of January 16, 1970 was correct. The motion for reconsideration will be denied.

Counsel has requested, in the alternative, that if we deny the motion we should stay execution of the deportation order "during the full period allowed by law" for the filing of a petition for review under section 106(a) of the Immigration and Nationality Act, 8 U.S.C. 1105a(a). He asserts that the statute "grants the [respondent] and his Counsel a full six months after the final decision of this Board to formulate and file his appeal to the Federal Judiciary" and complains that "the local immigration authorities attempt to deport the alien involved prior to the six-month

period." Implicit in this contention is the notion that the six-month period specified in section 106(a)(1) of the Act is a limitation on the power of the Service to execute a final deportation order.

The provision in question is not susceptible of such a construction. The six-month period is clearly a limitation only on the right to bring a direct review action in the Court of Appeals, *Liadakis* v. *INS*, 339 F.2d 447 (4 Cir., 1964); *Lopez* v. *INS*, 356 F.2d 986 (3 Cir., 1966), cert. denied 385 U.S. 839; *Yamada* v. *INS*, 384 F.2d 214 (9 Cir., 1967). There is nothing in the statute to indicate that Congress intended that deportation should be deferred for the six-month period and section 106(a)(7) specifically provides that, "[N]othing in this section shall be construed to require the Attorney General to defer deportation of an alien after the issuance of a deportation order because of the right of judicial review of the order granted by this section . . ."

Under section 106(a)(3), there is an automatic stay of deportation once the review action is begun and the petition for review is served on the appropriate Service officer. If an attorney needs a respite to formulate and file his petition for review under section 106(a), he has an adequate remedy in an application to the District Director for a stay of deportation under 8 CFR 243.4. A stay by this Board under such circumstances is unwarranted.

**ORDER:** The motion for reconsideration is denied.