**Iftikhar Hussain KAYANI, Petitioner,**

v.

**Charles C. SAVA, District Director of the Immigration & Naturalization Service, Respondent.**

No. 86 Civ. 3698 (GLG).

United States District Court, S.D. New York.

May 19, 1986.

Donn Livingston, Massaro & Livingston, New York City, for petitioner.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Lawrence W. Chamblee, of counsel, New York City, for respondent.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Petitioner Iftikhar Hussain Kayani ("Kayani"), a Pakistani citizen, is now in the custody of the Immigration and Naturalization Service ("INS") pending deportation. Respondent Charles C. Sava is the District Director of INS for the New York district. Petitioner seeks a writ of habeas corpus staying his deportation and ordering his release from custody pending a decision by the Immigration Court of his motion to reopen his deportation proceedings. For the reasons stated below, the petitioner's request for a stay is denied.

Petitioner, a citizen of Pakistan, entered the United States on March 19, 1980 as a non-immigrant visitor. In March 1981, he married a United States citizen and applied for permanent residence in the United States. This application was denied when the petitioner's wife withdrew the papers she had submitted on his behalf and admitted the marriage to be a sham. Petitioner was divorced on September 18, 1981.

The petitioner was summoned into deportation proceedings in 1983. A hearing was finally held on January 17, 1986 and petitioner was found deportable for having overstayed the period of his visitor's visa, which expired in June 1980. The immigration judge granted petitioner the privilege of departing voluntarily on or before April 17, 1986.

On April 11, 1986, petitioner married Melinda Thielman. She filed a petition seeking an immigrant visa for petitioner on April 16. Also on April 16, petitioner made a motion in the Immigration Court to reopen his deportation hearing to allow him to apply for permanent residence. Petitioner's motion is still pending with the Immigration Court. No opposing papers have been submitted.

Petitioner did not voluntarily depart the United States prior to April 17, as allowed. Instead, he surrendered for deportation on May 2, 1986, in compliance with an order of the respondent. At that time, he applied to the respondent to stay his deportation pending a decision on his motion to reopen. By letter dated May 6, 1986, respondent denied the requested stay. It is from this denial that the petitioner now seeks relief.

Section 106(a)(9) of the Immigration and Nationality Act, 8 U.S.C.A. § 1105a(a)(9) (1982), provides that any alien held in custody pursuant to an order of deportation can obtain judicial review of such order by habeas corpus proceedings. The courts have thus held that a district court's habeas corpus jurisdiction extends to the review of an INS district director's denial of an alien's request for a stay of deportation. *See, e.g., Kwok v. INS,* 392 U.S. 206, 215–17, 88 S.Ct. 1970, 1975–77, 20 L.Ed.2d 1037 (1968). The standard applied by the courts, however, in reviewing a denial of a stay by an INS district director is extremely narrow—whether the district director's decision was an abuse of discretion. *Kladis v. INS,* 343 F.2d 513, 515 (7th Cir.1965). This circuit has held that an abuse of discretion may be found "only where no reasonable man would take the view under discus-

sion." *Wong Wing Hang v. INS,* 360 F.2d 715, 718 (2d Cir.1966).

Respondent's decision in this case to deny a stay to an alien who has illegally overstayed his permission to remain in the United States by nearly six years, who has attempted to defraud the INS into granting him permanent residence in the United States by contracting a fraudulent marriage, and who now seeks a stay on the basis of another marriage, contracted six days before the scheduled date of his departure, seems eminently reasonable. Respondent did not abuse his discretion in denying petitioner's application for a stay.

Citing *Bertrand v. Sava,* 684 F.2d 204 (2d Cir.1982), petitioner contends that by denying a stay which effectively forecloses consideration of petitioner's motion to reopen, respondent has abused his discretion. However, the *Bertrand* case merely states that, "One commentator has described failure to consider a case as a species of 'abuse of discretion.'" *Id.* at 210 n. 9 (quoting *Developments in the Law: Immigration and Nationality,* 66 Harv.L.Rev. 643, 672 (1953)). That vague language cannot guide our consideration of the unusual and abusive circumstances presented in this case. Rather, we are of the view that

> [t]he automatic granting of a stay of deportation whenever an alien files a motion to reopen his case would permit an alien to stall indefinitely his physical departure from the United States since there is no limit on the number of motions to reopen that an alien can file.

*Bothyo v. INS,* 772 F.2d 353, 356 n. 2 (7th Cir.1985).

Petitioner also asks the Court to notice that if respondent deports petitioner, petitioner will be precluded from entering the United States to live with his wife for a period of five years. *See* 8 U.S.C. § 1182(a)(17) (1982). That circumstance is a product of petitioner's own malfeasance. Petitioner requested, and was granted, the opportunity to depart voluntarily and avoid any future bar to his immigration as a permanent resident on a visa petition filed by his wife. If he had departed as planned,

and if the visa petition were approved, he would have been able to immigrate without regard to immigration quotas. He did not depart, and the five-year bar against reentry into the United States is now effective.

For all of the foregoing reasons, petitioner's application for a writ of habeas corpus is dismissed.

SO ORDERED.