Victor Jose Rodriguez FUENTES, Blasina Tejada De Rodriguez, Juana Damaris Miquella Rodriguez, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 84–1012.

United States Court of Appeals,
First Circuit.

Submitted Sept. 11, 1984.
Decided Oct. 22, 1984.

*Little Red Ridinghood*
Author not recalled.

William John Glasser, San Juan, P.R., on brief, for petitioners.

Richard K. Willard, Acting Asst. Atty. Gen., Civil Div., Dawn MacPhee, Asst. Director, and Millicent Y. Clarke, Atty., Office of Immigration Litigation, U.S. Dept. of Justice, Washington, D.C., were on brief, for respondent.

Before COFFIN, Circuit Judge, ALDRICH and SKELTON,* Senior Circuit Judges.

SKELTON, Senior Circuit Judge.

The petitioners in this case seek review of an October 8, 1981, decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's denial of their applications for suspension of deportation, and a November 21, 1983, decision of the BIA denying their motion to reopen to file for suspension of deportation. The petitioners are all natives and citizens of the Dominican Republic. Victor Jose Rodriguez Fuentes (Mr. Rodriguez) last entered the

* Of the Federal Circuit, sitting by designation.

United States at San Juan, Puerto Rico, on October 30, 1972, as a non-immigrant temporary worker. He was authorized to stay in the United States until November 18, 1972. His wife, Blasina Tejada de Rodriguez, last entered this country on January 29, 1972, and like her husband, was authorized to stay until November 18, 1972. Their daughter, Juana Rodriguez, entered the country on March 29, 1972, as a visitor for pleasure.

On September 29, 1975, the Immigration and Naturalization Service (INS) issued an order to show cause against Mr. Rodriguez, alleging that he was deportable pursuant to § 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (the Act) for overstaying the period of his authorized stay in the United States. The immigration judge found him deportable as charged and granted him the privilege of departing the United States voluntarily on or before November 15, 1975.[1] He did not depart, and a final order of deportation was entered against him.

On August 17, 1979, Mr. Rodriguez was again apprehended by the INS. He moved to reopen his deportation proceeding to enable him to file for suspension of deportation in that he now had accrued the requisite seven years of continuous physical presence in the United States. The motion was granted and a hearing was held on December 2, 1980. Show cause orders had also been issued against Mrs. Rodriguez and Juana Rodriguez, and at the request of the petitioners the three cases were joined. The immigration judge denied the motion, holding that while petitioners had been present in the United States for the requisite period of time (seven years), they had not established that they would suffer extreme hardship if deported, as is required by 8 U.S.C. § 1254(a)(1). The judge further noted that Mr. Rodriguez had acquired most of his requisite seven years physical presence in the country after an order of deportation had been issued against him.

This decision was appealed to the BIA, and on October 8, 1981, the BIA affirmed the decision of the immigration judge. The record of the proceedings was then erroneously sent to New York instead of to the INS office in San Juan, and was subsequently lost. The certified record before this Court was recreated from copies contained in INS's file on the petitioners. Certain exhibits in the original file are not present in the recreated file. Petitioners contend that they were never notified of the BIA decision. However, the BIA's standard procedure is to send notice of its decision to the attorneys for the parties. There is no evidence in the record that the attorney who then represented petitioners did not receive notice of the BIA decision. Petitioners have since obtained different counsel.

The INS office in Puerto Rico did not receive notice of the BIA decision until September 22, 1983. It notified petitioners that it was extending their voluntary departure date to October 4, 1983. This date was further extended to November 3, 1983, at petitioners' request. However, the petitioners did not depart.

On October 31, 1983, the petitioners filed a motion to reopen their deportation proceedings with the BIA, in order to apply for suspension of deportation. In support of this motion, it was contended that Mr. Rodriguez was the sole financial support of his grandchild, a United States citizen, born on December 24, 1981. This allegation was unsupported by affidavits or other documentary evidence showing economic dependence on Mr. Rodriguez by any grandchild in the United States. The BIA denied this motion on November 21, 1983, on the ground that petitioners had failed to establish a *prima facie* case of extreme hardship.

This court may reverse a decision of the BIA not to reopen only if it finds

---

**1.** The order also provided:
IT IS FURTHER ORDERED that if respondent fails to depart when and as required, the privilege of voluntary departure shall be withdrawn without further notice or proceedings and the following order shall there upon become immediately effective. Respondent shall be deported from the United States to Dominican Republic on the charge(s) contained in the Order to Show Cause. (sic)

that the decision was arbitrary, capricious, or constitutes an abuse of discretion. *Holley v. INS*, 727 F.2d 189, 191 (1st Cir.1984). The petitioners contend that BIA abused its discretion in not reopening the case when they alleged the fact of the grandchild's birth and that deportation would cause extreme hardship. However, regulations promulgated under the Act provide that the motion to reopen shall "state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 3.8(a) (1979). The allegations of hardship here are conclusory and unsupported by affidavits or other evidence. There is no objective evidence demonstrating the economic circumstances of the grandchild or the nature of Mr. Rodriguez' financial support. In the absence of such evidence, petitioners cannot be said to have established a *prima facie* case of extreme hardship. *INS v. Wang*, 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981); *Mesa v. INS*, 726 F.2d 39 (1st Cir.1984). We find no error in BIA's denial of the motion to reopen.

Petitioners have also argued that the administrative record before the Court is so deficient that petitioners are prejudiced thereby. As mentioned previously, the certified record before this Court is recreated from INS files, the original record having been lost when it was erroneously sent to New York. Several exhibits are missing and portions of the hearing transcript are omitted in the reconstructed record. However, the substance of the missing portions of the original record is referred to elsewhere in the recreated record, so that this Court is adequately apprised of their content. The record is sufficiently complete to afford an adequate basis for review.

Petitioners also seek review of the October 8, 1981, order of the BIA, affirming the denial of their applications for suspension of deportation. This Court has jurisdiction to review both the final order of deportation and the denial of the motion to reopen only if the motion to reopen was filed within six months of the final order of deportation and the petition for review is filed within six months of the denial of the motion to review. *Giova v. Rosenberg*, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964); *Chudshevid v. INS*, 641 F.2d 780 (9th Cir. 1981). Here, the motion to reopen was not filed for more than two years after the final deportation order. This limits our jurisdiction to a review of the denial of the motion to reopen.

Petitioners contend that BIA is to blame for the late filing because it sent the record in the proceedings to New York instead of Puerto Rico. However, it is BIA's practice to send notice of its decisions to counsel for the parties. There is no indication that this practice was not followed in this case. The fact that the *record* was sent to the wrong place does not mean that *notice* of the decision was not properly sent to petitioners' attorney. Petitioners' previous counsel may have neglected to inform them of the decision, but that is of no help to them now. Service of notice on a party's counsel constitutes notice to that party. *Chang v. Jiugni*, 669 F.2d 275 (5th Cir.1982) (per curiam).

We have reviewed petitioners' remaining contentions and find them to be without merit. The decision of the BIA is affirmed, and the stay of deportation is dissolved.

*Affirmed.*