**Dalton Fernando GANDO–COELLO,
Petitioner, Appellant,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent,
Appellee.**

No. 89–1251.

United States Court of Appeals,
First Circuit.

Submitted Oct. 6, 1989.

Decided Oct. 30, 1989.

John H. Ruginski, Jr., Providence, R.I., on brief, for petitioner, appellant.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D.C., Ellen Sue Shapiro, Acting Asst. Director, and Steven L. Barrios, Atty., Office of Immigration Litigation, Civil Div., on brief, for respondent, appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Petitioner, who has been ordered deported, seeks review of various decisions of the Board of Immigration Appeals (Board). We review the background.

In February 1985 petitioner was arrested. In his possession were 1258 grams of cocaine. Initially petitioner was found incompetent to stand trial, but subsequently, following a competency determination, he pled guilty in June 1986 to importing cocaine and received a suspended sentence. After a deportation hearing at which petitioner failed to appear (even though the hearing had been postponed several times

so that petitioner might obtain counsel and the immigration judge had given petitioner a list of organizations to contact for help and warned him to appear for his hearing), petitioner was ordered deported in view of the drug conviction. *See* 8 U.S.C. § 1251(a)(11) (any alien shall, upon the order of the Attorney General, be deported who has been convicted of a violation of law relating to a controlled substance). Petitioner appealed. Invoking 8 C.F.R. § 3.1(d)(1–a)(i) (Board may summarily dismiss an appeal if party fails to specify the reasons for his appeal), the Board of Immigration Appeals summarily dismissed petitioner's appeal on July 9, 1987, as petitioner's notice of appeal had been extremely conclusory—it had simply asserted that the decision was not supported by substantial evidence and was arbitrary and capricious—and petitioner had failed to file a brief in support of the appeal. Petitioner did not timely seek judicial review of that decision, and hence the merits of that decision are not before us. 8 U.S.C. § 1105a(a)(1) (six months for filing petition for review).

In March 1988, petitioner moved to reopen deportation proceedings and to stay deportation. In support, he submitted an affidavit explaining that he had failed to appear at his earlier deportation hearing because, despite visits to a number of groups or lawyers, he had been unable to obtain representation and, as his English at that time was poor, he felt he would be unable to represent himself. In his motion to reopen, petitioner sought discretionary relief from deportation under 8 U.S.C. § 1182(c), which authorizes the Attorney General to waive deportation for certain aliens who have been lawfully domiciled in the United States for seven consecutive years. Petitioner stated that he had been living in the United States for almost 20 years, that he had been a lawful permanent resident since February 22, 1976, that he had family in the United States (two half-sisters and their families; a daughter with

whom petitioner no longer lived), and that he was in need of expert doctors and medication as he had suffered from schizophrenia and he feared adequate medical attention would not be available in his native Ecuador.

The Board denied petitioner's motion to reopen on two independent grounds. First, the Board relied on 8 C.F.R. § 3.2 which provides that "[m]otions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . ." The Board concluded that petitioner's difficulty retaining counsel and fear of proceeding without legal representation were not sufficient cause for his earlier failure to appear and to apply for discretionary relief at that earlier hearing. Secondly, the Board determined that petitioner had not established prima facie eligibility for discretionary relief under § 1182(c) because in March 1988, when petitioner moved to reopen deportation proceedings, petitioner was not a lawful resident. The Board explained as follows:

> To be eligible for relief under [8 U.S.C. § 1182(c) ], a respondent must be an alien lawfully admitted for permanent residence and must have a "lawful unrelinquished domicile" of seven consecutive years. This respondent's status as a lawful permanent resident ended when his deportation order became administratively final on July 9, 1987. *See* . . . 8 U.S.C. § 1101(a)(20) ["the term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed"].

It is the Board's July 13, 1988 decision denying petitioner's motion to reopen deportation proceedings so that he might apply for discretionary relief that is now before us for review.[1]

---

**1.** We reject the government's argument that petitioner did not file a timely petition for review of the Board's July 13, 1988 order denying petitioner's motion to reopen. On December 15, 1988—within the six-month period for review—petitioner filed a motion which this court, by

■ Our review of a Board's decision not to reopen a deportation order is limited to determining whether the decision was arbitrary, capricious, or an abuse of discretion. *I.N.S. v. Abudu,* 485 U.S. 94, 108 S.Ct. 904, 908–09 n. 3, 912, 99 L.Ed.2d 90 (1988) (Board's determination regarding whether evidence sought to be offered on reopening was not previously available and could not have been presented at former hearing is subject to an abuse of discretion standard of review); *Rodriguez Fuentes v. I.N.S..,* 746 F.2d 94, 96–97 (1st Cir.1984).

■ We find no abuse of discretion in the Board's determination that petitioner failed to meet the requirement in 8 C.F.R. § 3.2 for reopening that the new evidence not have been previously available and could not have earlier been presented. There can be no serious question that the evidence petitioner sought to present in 1988—his problem obtaining a lawyer prior to the 1987 hearing, his familial relations, and his history of mental illness—were available to petitioner in 1987. Petitioner believes he could not have adequately presented these matters earlier because of mental illness, problems with English, and lack of representation.[2]

While the record does indicate that claimant has a history of mental illness, he had been found competent to stand trial in April 1986 and petitioner did not describe in his affidavit to reopen any particular relapse at or around the time of the deportation hearings. On the contrary, his account of his activities at that time—contacting his probation officer for help, travelling to organizations in Providence and Boston seeking legal representation, hiring a private lawyer in Providence, appearing three times before the immigration judge to ask for a continuance—suggest a level of functioning sufficient to appreciate the necessity of appearing for a scheduled hearing and to present mitigating evidence or seek discretionary relief.

As for claimant's English, claimant asserts that he "understood some English but did not speak very well then." On the other hand, he had been in this country 17–½ years at the time of the deportation proceedings. He had been able to convince the Immigration Judge to give him a number of continuances. He had been able to contact a number of organizations in an attempt to obtain representation. His motion for stay of deportation stated that petitioner had a strong employment record. Petitioner has failed to describe a sufficiently severe language barrier such as to require the Board to excuse claimant's earlier non-appearance.

■ Judgments about how long to give a person to secure representation are for the agency to make. Here, according to petitioner's affidavit, he received notice of the deportation hearing in late 1986. The Immigration Judge gave petitioner a list of places to contact for a lawyer on January 2, 1987. The judge then continued the hearing three times (for a total of over 7 weeks) when petitioner explained to him the problems he had had locating a lawyer. At his last appearance, petitioner, according to his affidavit, explained to the Immigration Judge that he had hired a lawyer, but had not been able to pay him enough for him to begin representation. The judge then gave petitioner a further 10–day continuance, warning petitioner to appear the next time as his case would start regardless whether or not he had a lawyer. Written notices to petitioner also warned him that deportation proceedings would be conducted in his absence if he did not appear. While petitioner faced difficulties, we cannot say the Board abused its discretion or acted arbitrarily in concluding (1) that petitioner had had a sufficient opportunity in January and February 1987 either to obtain legal representation or to appear without

order dated March 15, 1989, construed as a petition for review of the July 13, 1988 order. *See Gando–Coello v. Immigration and Naturalization Service,* No. 88–1478 (1st Cir. March 15, 1989).

2. Petitioner did not contend either in his motion to reopen or in his brief before this court that he was unaware at the time of his deportation hearing of his right to apply for discretionary relief from deportation.

representation and (2) that his earlier defalcation should *not* be excused.

As we uphold the Board on the first stated basis of its decision—petitioner's failure to satisfy the requirements of 8 C.F.R. § 3.2 for reopening deportation proceedings—we do not address the Board's determination that petitioner failed to present a prima facie case of eligibility for discretionary relief.

Respondent's motion to dismiss for lack of jurisdiction is denied. The Board's July 13, 1988 order denying petitioner's motion to reopen deportation proceedings is affirmed.