32 F.3d 561
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ismaila Abdullah ADAMU, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-2384
 United States Court of Appeals,
First Circuit.
 August 5, 1994
 
 Ismaila A. Adamu on brief pro se.
 Frank W. Hunger, Assistant Attorney General, Robert Kendall, Jr., Assistant Director, and Karen Fletcher Torstenson, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, on brief for respondent.
 B.I.A.
 AFFIRMED.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 This is a petition for review of two decisions of Board of Immigration Appeals (BIA). The first decision affirmed the decision of the immigration judge denying petitioner's motion to reopen the proceedings. The BIA's second decision denied an application for reopening filed directly with it. Both motions for reopening concerned the immigration judge's order of deportation entered after an in absentia hearing.
 
 I.
 
 2
 Petitioner Ismaila Abdullah Adamu, a native of Ghana and a citizen of Nigeria, was admitted to the United States as a visitor for pleasure for six months. After overstaying this time-limit, the Immigration and Naturalization Service (INS) issued an order to show cause why petitioner should not be deported. See 8 U.S.C. Sec. 1251(a)(2) (current version at 8 U.S.C. Sec. 1251(a)(1)(B)). An initial deportation hearing took place on December 18, 1990; at this time, petitioner denied deportability. As a result, the immigration judge continued the hearing until February 22, 1991, orally notifying petitioner of this date. When petitioner failed to appear at the hearing without indicating any reason for his nonappearance, the immigration judge held an in absentia hearing, see 8 U.S.C. Sec. 1252(b), and ordered petitioner deported as charged.
 
 
 3
 Almost two years later, on April 2, 1993, petitioner filed a motion to reopen. He stated that on the way to the INS office in Boston, on April 26, 1991 (the date set for petitioner's deportation ), his car had broken down. By the time he reached Boston, the INS office was closed for the day. He also asserted that the notice to surrender for deportation had been sent to the wrong address and that he never had received it. He then requested permission to file applications for political asylum and withholding of deportation.
 
 
 4
 The immigration judge denied the motion to reopen on April 20, 1993. He determined that petitioner had failed to establish reasonable cause for his absence. Specifically, the judge found that car trouble on April 26, 1991 did not relate to, or provide cause for, petitioner's absence from the deportation hearing scheduled for February 22, 1991. Petitioner filed a notice of appeal with the BIA on July 12, 1993.
 
 
 5
 In his brief on appeal, petitioner amplified the allegations contained in the April 2, 1993 motion to reopen. He averred that he had attended the December 18, 1990 hearing with an official-Reverend Harley-from the Tabernacle Baptist Church in Providence. However, Reverend Harley could not accompany him to the February 22nd hearing. Instead, petitioner was given $5.00 for gas to attend this hearing. In an affidavit appended to the brief, Reverend Harley confirms this last statement. Petitioner further asserted that his car engine had "seized" while enroute to Boston and that after it cooled down, he had proceeded on his way. When he arrived, the INS offices were closed.
 
 
 6
 According to petitioner, nothing further happened until March 1993 when police stopped him during a traffic check and informed him of an immigration warrant for his arrest. Once in the custody of the INS, petitioner stated that he was given the April 26, 1991 letter concerning his deportation date. His erroneous referral to April 26th (instead of February 22nd), he averred, was the result of having been handed this letter. He reiterated his claim that all correspondence from the INS had been mailed to the wrong address.
 
 
 7
 The BIA affirmed the decision of the immigration judge on October 20, 1993. It first pointed out that petitioner had not provided an affidavit sworn under the penalties of perjury but rather had made only vague statements concerning the breakdown of his car. As a result, the BIA concluded that petitioner had not submitted "probative evidence establishing reasonable cause for his absence." The BIA also stated that petitioner had failed to present documentary evidence to explain how he had come to mistakenly refer, in his motion to reopen, to the deportation date of April 26, 1991. Further, the BIA described as irrelevant Reverend Harley's affidavit referring to the money for gas. Finally, the BIA expressed doubt concerning petitioner's involvement with a Baptist Church when he had stated in his asylum application that he was a Moslem. It then dismissed the appeal.
 
 
 8
 In response, petitioner filed a motion for reconsideration. In it, he explained his involvement in the Baptist Church. He then recited that he had timely appeared at four other hearings with the help of Reverend Harley. As for his failure to attend the February 22, 1991 hearing, petitioner gave the following account. On the way to Boston, petitioner drove first to Providence to obtain money for gas from Reverend Harley. Once on the highway, petitioner noticed smoke coming from under the hood of his car. At this time, it was approximately 2:00 p.m. He stopped and discovered that there was no water in the radiator. A passerby offered to help; he drove petitioner to a gas station to get water and returned with petitioner to his car. By this time, it was 3:15 p.m.
 
 
 9
 Due to traffic, petitioner did not arrive at the INS office until 4:50 p.m. Petitioner stated that he had tried to gain access to the INS offices but was stopped by security guards from entering the building. Finally, petitioner averred that he had returned to Boston on Monday, February 25, 1991 and was informed that he would be receiving a letter with instructions. As he had stated in his brief, nothing happened until about two years later, when petitioner was stopped at a traffic check and told that there was an outstanding immigration warrant for his arrest for failure to surrender for deportation.
 
 
 10
 The BIA treated petitioner's motion as requesting reopening. It then stated that it did not find petitioner's explanation concerning the factual discrepancies in his account to be persuasive. Further, the BIA noted that petitioner's account still was not in the form of an affidavit. Finally, the BIA concluded that the facts recited by petitioner in the motion could have been presented either in the motion to reopen filed with the immigration judge or in the brief filed on appeal to the BIA. It therefore denied the motion. This petition for review ensued.
 
 II.
 
 11
 We review denials of motions to reopen such as the ones before us under the abuse-of-discretion standard. See INS v. Abudu, 485 U.S. 94, 104-05 (1988); Gando-Coello v. INS, 888 F.2d 197, 199 (1st Cir. 1989) (per curiam). We will uphold such discretionary actions unless they were arbitrary, capricious, had no rational explanation, did not follow established policies, or were based on impermissible grounds such as race. See Thomas v. INS, 976 F.2d 786, 789 (1st Cir. 1992) (per curiam); LeBlanc v. INS, 715 F.2d 685, 693 (1st Cir. 1983).
 
 
 12
 A. The BIA's October 20, 1993 Decision.
 
 
 13
 The BIA, in this decision, upheld the denial by the immigration judge of petitioner's motion to reopen the proceedings. The BIA determined that petitioner had not shown cause for his failure to appear at his deportation hearing. See Matter of Haim, 19 I & N Dec. 641 (1988) (where basis of motion to reopen is that an immigration judge erred in holding an in absentia hearing, alien must establish that he or she had "reasonable cause" for the failure to appear).
 
 
 14
 The law concerning in absentia hearings is contained in 8 U.S.C. Sec. 1252(b):
 
 
 15
 If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend ... such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present.
 
 
 16
 Here, the immigration judge orally gave notice to petitioner of the date and place of the hearing two months before it was to take place. This is sufficient to satisfy the requirement that petitioner be given a "reasonable opportunity" to be present at his deportation hearing. See Thomas, 976 F.2d at 789 (where petitioner received notice over five months prior to hearing date, Sec. 1252(b) is satisfied); Maldonado-Perez v. INS, 865 F.2d 328, 333 (D.C. Cir. 1989) (two months notice held sufficient).
 
 
 17
 We now turn to the question whether petitioner presented sufficient evidence of "reasonable cause" for his absence from the February 22, 1991 hearing. In the motion to reopen filed with the immigration judge, petitioner's reason for not appearing was only a conclusory statement that his car had broken down on the date set for deportation-April 26, 1991. This plainly is not enough to show reasonable cause for failing to appear at the hearing on February 22, 1991. Further, petitioner's clarifications advanced in his brief to the BIA do not suffice.
 
 
 18
 Even assuming that petitioner's erroneous referral to April 26, 1991 was excusable, his "explanation" that the engine had "seized" while traveling to Boston on February 22, 1991, is not enough. That is, this statement alone does not state how this car trouble made him late. Further, petitioner does not refer to any attempts to notify the immigration judge's chambers of the problems he was having. See Thomas, 976 F.2d at 790 (BIA's dismissal of appeal from a deportation order entered in absentia upheld where the immigration judge stated that petitioner had not attempted to notify his chambers of a mix-up concerning where petitioner was to meet his attorney). Finally, petitioner's pro se status is inadequate by itself to excuse his failure to appear at the hearing. Petitioner admits that he attended four other hearings; he therefore was amply familiar with such proceedings. See Gando-Coello, 888 F.2d at 199-200 (where petitioner, proceeding pro se, had appeared three times before the immigration judge, the BIA did not abuse its discretion in denying motion to reopen).
 
 
 19
 B. The BIA's December 12, 1993 Decision.
 
 
 20
 In denying the motion to reopen that petitioner filed directly with the BIA, it relied, in part, on 8 C.F.R. Sec. 3.2. This section, so far as is relevant, provides:
 
 
 21
 Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing....
 
 
 22
 We review a denial of a motion to reopen based on this ground for abuse of discretion. See INS v. Doherty, 112 S. Ct. 719, 725 (1992); Abudu, 485 U.S. at 105.
 
 
 23
 Viewed under this standard, it is plain that the evidence petitioner presented in support of his motion to reopen-the specifics of how his car broke down, how it was fixed and the attempts he made to gain access to the INS offices when he finally arrived in Boston-were available in April 1993 when he filed the first motion to reopen with the immigration judge and in July 1993 when he appealed to the BIA. See Gando-Coello, 888 F.2d at 199 (where evidence presented in motion to reopen was available at time of in absentia deportation and at time of appeal from deportation order, BIA's denial of motion to reopen upheld).
 
 
 24
 Petitioner adds a last argument, raised for the first time in his brief on appeal to this court. He claims that the holding of an in absentia hearing violated his due process rights. The Supreme Court has approved in absentia hearings: An alien "must be given 'a reasonable opportunity to be present at [the] proceeding,' but if the [alien] fails to avail himself of that opportunity, the hearing may proceed in his absence." INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984). Courts of appeals have held that if this standard is met, there is no due process violation. See Reyes-Arias v. INS, 866 F.2d 500, 503- 04 (D.C. Cir. 1989); Maldonado-Perez, 865 F.2d at 333. We agree with these cases and therefore reject petitioner's constitutional claim.
 
 III.
 
 25
 For the foregoing reasons, the decisions of the BIA are therefore affirmed.