**Vincenzo MANGIAMELI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 15041.**

United States Court of Appeals
Seventh Circuit.

Oct. 19, 1965.

Martin S. Gerber, Eugene Lieberman, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Richard G. Schultz, Asst. U. S. Attys., Chicago, Ill., for respondent.

Before DUFFY, KNOCH and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is a petition brought under Title 8 U.S.C.A. § 1105a, to review a deportation order entered against petitioner by a Special Inquiry Officer of the Immigration Service on July 29, 1963. Petitioner filed a timely notice of appeal to the Board of Immigration Appeals on August 7, 1963. On November 21, 1963, the Board found that petitioner was excludable as a non-immigrant without possession of passport or visa, thus sustaining the Hearing Officer.

Petitioner and his wife are natives of Italy who first entered the United States as visitors on December 1, 1957, and remained until April 1958, when petitioner went to Canada, where he was admitted as a landed immigrant for permanent

residence on January 5, 1960. He again entered the United States as a visitor in May 1960, and returned to Canada in July of that year. His wife and children remained in Chicago, Illinois, while petitioner was in Canada for the asserted purpose of renewing his Italian passport and obtaining a new visa. Shortly afterwards, he was informed of illness in his family, reentered this country at Detroit and returned to Chicago. He had no passport at the time but was admitted upon exhibiting his driver's license.

Petitioner has been married twice, once to an Italian woman with whom he had three children who remained in Italy and whom he alleges he has continued to support. On March 3, 1963, he was divorced in Chicago and married his present wife, with whom he has been living since 1955 and with whom he now has four children, one of whom was born in Canada and the others in Chicago.

After the entry of the deportation order, a private bill in behalf of petitioner was introduced into the House of Representatives on February 25, 1964. On April 3, 1964, counsel for petitioner made application to the District Director for stay of deportation and filed a motion for rehearing before the Board of Immigration Appeals. The District Director granted a stay of deportation pending action on the motion for rehearing, which the Board denied on April 27, 1964.

After the District Director was informed that the private bill was adversely acted upon by Congress, he notified petitioner on November 20, 1964, December 7, 1964 and December 16, 1964, to appear at the Immigration Office to arrange for deportation. On February 15, 1965, petitioner was informed by letter of the time, manner and place of departure. The letter, after summarizing the previous proceedings which resulted in the deportation order, stated in part, "Arrangements have been made for your departure to Italy on February 19, 1965 from Chicago, Illinois on the Pan-American Airlines Flight #58. You should report to a United States Immigration Officer at Room 332A, 219 South Dearborn Street, Chicago, Illinois, at 2:00 P.M., February 19, 1965 completely ready for deportation. At the time of your departure from Chicago, Illinois you will be limited to 40 pounds of baggage." On February 18, 1965, the petition in the instant matter was filed.

Section 1105a provides the right of judicial review "of all final orders of deportation heretofore or hereafter made against aliens within the United States," providing "a petition for review may be filed not later than six months from the date of the final deportation order."

The first issue raised by respondent is that this court is without jurisdiction to entertain the petition on the ground that it was not filed within six months of the final deportation order. Obviously, if respondent's contention on this point is sound, the court is without jurisdiction and there is no occasion to proceed further.

Petitioner, evidently in recognition of and in an attempt to show compliance with the six-month requirement, alleged in his petition, "This action was instituted within six months from the date of the final deportation order, which was February 15, 1965," and in his brief stated, "The final order of February 15, 1965 designated Italy as the place of deportation."

There is no order or exhibit in the record dated February 15, 1965 other than the letter directed to petitioner from which we have above quoted. It is clear from a reading of the letter that it was not a final deportation order, and neither was it ancillary to such an order, as is discussed in some of the cases. The letter presupposes that a deportation order was in existence; in fact, it so recites. Its sole purpose, after much delay for one reason or another, was to notify petitioner of the arrangements which had been made for his departure.

Moreover, petitioner in his brief appears to abandon the jurisdictional allegation that the February 15 letter was a final order subject to review. The

first contested issue which he states is, "Whether this Court may review the denial of a motion to reopen and reconsider, filed with the Board of Immigration Appeals." As shown, petitioner's motion in this respect was denied April 27, 1964. Assuming without deciding that this denial was a final order subject to review, the petition in the instant matter was not filed until February 18, 1965, almost ten months later.

Petitioner relies upon certain cases in support of his contention that the February 15 letter was a final order subject to review. We have examined these cases and find such reliance without merit. We think there is no occasion to cite or discuss them because the point in issue has recently been expressly decided by this court contrary to petitioner's contention. Kladis v. Immigration and Naturalization Service, 343 F.2d 513. We stated (page 514):

> "The final order of deportation was entered on August 16, 1962. Under the Act, a petition for review must be filed not later than six months from the date of the final order of deportation. 8 U.S.C.A. § 1105a(a) (1). The petition for review was not timely filed. The document petitioner seeks to designate as a final order of deportation is merely a notice to him of his departure date. For this reason, we have no jurisdiction to hear this petition. Kassab v. Immigration and Naturalization Service, 9 Cir., 322 F.2d 824, 826 (1963)."

Kassab squarely holds that a letter notifying the alien of the time and place for his departure is not a final order giving the alien the right to a review of a deportation order previously entered. The court stated (322 F.2d 826):

> "That letter (Exhibit A attached to petition) merely gave petitioner a new date of departure. This court has already ruled such a notice of departure date is not a 'final order of deportation.' Mai Kai Fong v. Im-

migration & Nat. Service, 9 Cir. 1962, 305 F.2d 239."

It is not open to doubt that the petition for review was untimely filed. Thus, the conclusion is inescapable that this court is without jurisdiction. Such being the situation, there is no occasion to discuss other issues raised on brief.

The petition for review is dismissed.