**Vasilios BALAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 75–1214.**

United States Court of Appeals, Seventh Circuit.

June 18, 1975.

Peter N. Limperis, Chicago, Ill., for petitioner.

James R. Thompson, U. S. Atty., Gary L. Starkman, Asst. U. S. Atty., Chicago, Ill., John L. Murphy, Mary Jo Grotenrath, Dept. of Justice, Crim. Div., Washington, D. C., for respondent.

Before CUMMINGS, PELL and STEVENS, Circuit Judges.

PER CURIAM.

This matter comes before the Court on the motion to dismiss filed herein by the respondent Immigration and Naturalization Service. By order of this Court of April 9, 1975, petitioner's counsel was ordered to respond to that motion on or before April 21, 1975. To this date no response has been received. We consider the motion, therefore, on respondent's memorandum in support thereof and on the record.

Petitioner entered the United States illegally in 1963 by leaving the ship on which he was serving as a crewman. He became the subject of deportation proceedings in 1972 and by order of a special inquiry officer he was found deportable. The Board of Immigration Appeals affirmed the determination of deportability, and no petition to review that affirmance was brought to this Court.

Subsequently the petitioner moved the Board of Immigration Appeals to reopen the deportation proceedings. The Board denied the motion, and that denial was affirmed on petition of review to this Court. (No. 73–1728, unpublished order entered March 21, 1974.)

**2.** Quoting from *Sarkes Tarzian, Inc. v. Philco Corp.*, 351 F.2d 557, 560 (7th Cir. 1965).

Petitioner then sought to obtain a stay of deportation from the District Director of the Immigration Service, but that request was denied. He filed a petition to review that denial with this Court, which was dismissed for lack of jurisdiction. (No. 74–1790, unpublished order entered January 28, 1975.)

On February 13, 1975, the Service sent to the petitioner a form notice letter informing him of arrangements made for his deportation and setting the date thereof. The petitioner has filed a petition to review the notice letter, asserting jurisdiction pursuant to 8 U.S.C. § 1105a(a).

Although respondent's motion and memorandum have not raised the issue, after reviewing the record, we feel it necessary to determine whether or not the form notice letter of February 13, 1975, is a final order of deportation, reviewable by this Court under the provisions of § 1105a(a). This issue has been decided adversely to the petitioner in several decisions handed down by this Circuit. *Mangiameli v. Immigration and Naturalization Service*, 351 F.2d 589, 590–91 (7th Cir. 1965); *Kladis v. Immigration and Naturalization Service*, 343 F.2d 513, 514–15 (7th Cir. 1965). As the Court stated in *Mangiameli*,

> It is clear from a reading of the letter that it was not a final deportation order, and neither was it ancillary to such an order, as is discussed in some of the cases. The letter presupposes that a deportation order was in existence; in fact it so recites. Its sole purpose, after much delay for one reason or another, was to notify petitioner of the arrangements which had been made for his departure.

351 F.2d at 590.

The statute makes clear that this Court may review only "final orders of deportation." 8 U.S.C. § 1105a(a). The form notice letter of February 13, 1975, is not such an order, and accordingly we dismiss the petition for lack of jurisdiction.