Ruddys Angel PIMENTAL–ROMERO,
etc., Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 91–1942.

United States Court of Appeals,
First Circuit.

Oct. 17, 1991.

Before CAMPBELL, TORRUELLA and SELYA, Circuit Judges.

## ORDER OF COURT

■ As both parties agree, the instant petition for review must be dismissed on jurisdictional grounds because it was not timely filed. Under 8 U.S.C. § 1105a(a)(1) (Supp.1991), an alien convicted of an "aggravated felony," as petitioner here has been, must file any petition for review not later than 30 days after issuance of the "final deportation order." The Board of Immigration Appeals ("BIA"), in a decision dated August 8, 1991, rejected petitioner's application for discretionary waiver and dismissed his appeal. And in a notice dated August 29, 1991, the agency notified petitioner of the date on which he was to be deported. Petitioner filed the instant petition on September 19, 1991—21 days after the agency notice but 42 days after the BIA's decision. He now concedes that the decision of the BIA, rather than the subsequent agency notice, constitutes the "final deportation order." *See, e.g., Athehortua–Vanegas v. INS*, 876 F.2d 238, 240 (1st Cir.1989) (BIA's dismissal of appeal is final order); *Garcia v. INS*, 690 F.2d 349, 350–51 (3d Cir.1982) (notice of deportation date is not final order); *Balas v. INS*, 518 F.2d 1179, 1180 (7th Cir.1975) (same) (per curiam). As compliance with the statutory filing period is a jurisdictional prerequisite, *see, e.g., Nocon v. INS*, 789 F.2d 1028, 1030–33 (3d Cir.1986); *Lee v. INS*, 685 F.2d 343 (9th Cir.1982) (per curiam), the appeal must be dismissed.

■ While agreeing with such disposition, petitioner also suggests, somewhat paradoxically, that the agency is required as a matter of due process to notify litigants of the time limits for seeking judicial review. Yet he offers no support for this assertion. And we find no basis for such an across-the-board requirement—at least where, as here, no such duty is imposed on the agency by statute or regulation. In addition, petitioner suggests that the "newness" of the statute should militate in favor of lenient treatment. Yet the 1990 amendment only altered the filing period;

it did not revise the definition of "final deportation order."

We might finally note that, based on our preliminary review of the record, petitioner appears to have had a negligible chance of prevailing on the merits. A denial of discretionary waiver will be upheld "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Williams v. INS*, 773 F.2d 8, 9 (1st Cir. 1985). Our conclusion in a similar case would appear equally applicable here: "[T]he Board clearly found that [petitioner] had not demonstrated 'genuine rehabilitation.' Given [petitioner's] long history of repeated criminal violations, we cannot say that this finding was not supported by substantial evidence." *McLean v. INS*, 901 F.2d 204, 205 (1st Cir.1990).

*The stay is vacated and the petition for review is dismissed for lack of jurisdiction.*