Veljko STAJIC, also known as William Mocus, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 1048, Docket 91–4159.

United States Court of Appeals, Second Circuit.

Argued March 17, 1992.

Decided April 14, 1992.

Julia K. Cowles, New York City (David Rosenfeld, Davis Polk & Wardwell, of counsel), for petitioner.

Diogenes P. Kekatos, Asst. U.S. Atty., S.D.N.Y., New York City (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Thomas A. Zaccaro, Asst. U.S. Atty., S.D.N.Y., of counsel), for respondent.

Before: TIMBERS, MESKILL and PRATT, Circuit Judges.

PER CURIAM:

Veljko Stajic petitions for review of a final order of deportation of the Board of Immigration Appeals (BIA). The BIA dismissed petitioner's appeal from a decision of Immigration Judge Alan L. Page denying his applications for asylum pursuant to section 208(a) of the Immigration and Na-

**404**

tionality Act (Act), 8 U.S.C. § 1158(a), withholding of deportation pursuant to section 243(h) of the Act, 8 U.S.C. § 1253(h), and waiver of inadmissibility pursuant to section 212(c) of the Act, 8 U.S.C. § 1182(c).

The BIA dismissed the appeal in April 1991. The petition for review in this Court, filed in October 1991, was untimely under 8 U.S.C. § 1105a(a)(1) (Supp. II 1990) (amendment applicable to final orders of deportation entered on or after January 1, 1991) which provides that a petition for review may be filed within ninety days of the final order of deportation. Petitioner filed the petition for review *pro se*. He was appointed counsel shortly thereafter. Petitioner has been incarcerated since 1986.

█ This case raises an issue of first impression in this Circuit: Whether the statutory time period for filing a petition for review of a final deportation order is a jurisdictional prerequisite to judicial review. Other circuits have answered this question in the affirmative to hold that courts of appeals lack jurisdiction to consider a late petition. *See, e.g., Pimental–Romero v. INS*, 952 F.2d 564, 564 (1st Cir.1991) (applying 30 day period); *Nocon v. INS*, 789 F.2d 1028, 1030–33 (3d Cir.1986) (applying previous six month period); *Lee v. INS*, 685 F.2d 343, 343 (9th Cir.1982) (same) (per curiam); *Te Kuei Liu v. INS*, 645 F.2d 279, 282 (5th Cir.1981) (same); *Vergel v. INS*, 536 F.2d 755, 757 (8th Cir. 1976) (same); *cf. Fallen v. United States*, 378 U.S. 139, 142, 84 S.Ct. 1689, 1691, 12 L.Ed.2d 760 (1964) ("[T]he timely filing of a notice of appeal is a jurisdictional prerequisite to the hearing of the appeal" pursuant to Fed.R.Crim.P. 37(a), which now appears in Fed.R.App.P. 4(b)). We agree.

█ As a court of limited jurisdiction we can only exercise power authorized by Congress pursuant to Article III of the Constitution. *See, e.g., Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). In 1961 Congress enacted the Immigration and Nationality Act and vested the courts of appeals with exclusive jurisdiction to review final deportation orders. 8 U.S.C. § 1105a(a); *Foti v. INS*, 375

U.S. 217, 219, 84 S.Ct. 306, 308–09, 11 L.Ed.2d 281 (1963). The purpose behind the statute was "to abbreviate the process of judicial review of deportation orders in order to frustrate certain practices which had come to the attention of Congress, whereby persons subject to deportation were forestalling departure by dilatory tactics in the courts." *Foti*, 375 U.S. at 224, 84 S.Ct. at 311. Accordingly, in addition to abbreviating the process by eliminating the intermediate step of suit in the district court, *see id.* at 225, 84 S.Ct. at 311–12. Congress imposed a statutory time period within which a petition for review must be filed, 8 U.S.C. § 1105a(a)(1).

█ Initially the statute required that petitions for review be filed within six months of the date of a final deportation order. This provision was amended, effective January 1, 1991, to provide that "a petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order, or, in the case of an alien convicted of an aggravated felony, not later than 30 days after issuance of such order." 8 U.S.C. § 1105a(a)(1) (Supp. II 1990). Although most cases deciding the jurisdictional issue involved the earlier statute, the reduced time period does not change the jurisdictional nature of the statutory requirement. *See Pimental–Romero*, 952 F.2d at 564 (applying amendment to dismiss untimely petition on jurisdictional grounds). Therefore we join the other circuits that hold that a timely filed petition is a jurisdictional prerequisite to judicial review.

█ Alternatively, petitioner asks us to exercise our equitable authority to deem his late petition to have been constructively filed within ninety days of the BIA's decision in order to preserve our jurisdiction. He refers us to the Ninth Circuit's decision in *Hernandez–Rivera v. INS*, 630 F.2d 1352 (9th Cir.1980), to support this request. In that case the court acknowledged that time limitations for filing appeals are "[o]rdinarily ... considered to be 'mandatory and jurisdictional,'" *id.* at 1354 (citation omitted), but added that "[u]nder certain unique circumstances, an appellate tribunal

may have jurisdiction to hear an appeal that was not filed within the prescribed time limits." *Id.* (citations omitted). Under the unique circumstances of *Hernandez–Rivera* the court deemed the late petition to have been timely filed because there had been "official misleading as to the time within which to file a notice of appeal" when the immigration judge impermissibly had granted an extension of the time to file the notice of appeal. *Id.* at 1355.

Without deciding whether we agree with the Ninth Circuit's theory of constructive filing, we note that the circumstances in the instant case do not approach the unique scenario found in *Hernandez–Rivera*. Here there was no official misleading and no reliance by petitioner on any ruling of the court extending the time to file his petition.

The Supreme Court has acknowledged that "[t]he situation of prisoners seeking to appeal without the aid of counsel is unique." *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988). In *Lack* the Court concluded that a notice of appeal by a *pro se* incarcerated individual is filed at the time a petitioner delivers the notice of appeal to prison authorities for forwarding to the district court. *Id.* at 276, 108 S.Ct. at 2385. *Lack* speaks to when the petition is considered delivered to the clerk; it does not extend the time for filing an appeal. We decline to extend the rationale of the *Lack* decision to entitle a *pro se* incarcerated petitioner to file a petition almost three months after the statutory deadline.

Nor do we believe that petitioner has established unique circumstances because he was unaware of the reduced time to file a petition. There is no requirement that the BIA advise *pro se* litigants of the time limit for seeking judicial review even though the filing period recently has changed. *See Pimental–Romero*, 952 F.2d at 564.

In addition, petitioner argues that the BIA's decision was not delivered to him personally on a timely basis. Nonetheless petitioner received adequate notice when the BIA sent a copy of its decision to his accredited representative. *See* 8 C.F.R. §§ 3.1(f) & 292.5(a); *Lee*, 685 F.2d at 343–44; *see also Fuentes v. INS*, 746 F.2d 94, 97 (1st Cir.1984) ("Service of notice on a party's counsel constitutes notice to that party.") (citation omitted).

Even if the petition had been timely filed we would have denied review. The BIA's conclusion that petitioner has not established a well-founded fear of persecution or a clear probability of persecution was supported by substantial evidence. *See Melendez v. United States Dep't of Justice*, 926 F.2d 211, 218 (2d Cir.1991). Therefore the BIA did not err in denying petitioner's application for asylum or withholding of deportation. In addition we are satisfied that the BIA did not abuse its discretion in denying petitioner's application for relief from deportation under section 212(c) of the Act. *See* 8 U.S.C. § 1182(c); *Joseph v. INS*, 909 F.2d 605, 606–07 (1st Cir.1990).

## CONCLUSION

We dismiss the petition for lack of appellate jurisdiction because the petition for review in this Court was not timely filed.