7 F.3d 224
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lewis Wallaceford KERR, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-1305.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 25, 1993.
Decided: September 28, 1993.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A41-390-621)
 Willie J. Mahone, Frederick, Maryland, for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, Mark C. Walters, Assistant Director, Alison R. Drucker, Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.
 I.N.S.
 DISMISSED.
 Before WIDENER, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Lewis Wallaceford Kerr, a Jamaican citizen, petitions for review in this Court of the decision of the Board of Immigration Appeals ("BIA") dismissing his challenge to the Immigration Judge's finding of deportability. We dismiss the petition for lack of jurisdiction.
 
 
 2
 Kerr pled guilty to one count of intent to distribute cocaine in violation of Md. Code Ann. art. 27 § 286(a)(1) (Michie 1992). Under 8 U.S.C.A. § 1101(43) (West Supp. 1992), trafficking in a controlled substance is an aggravated felony. The rule governing the time for filing a petition for review grants an alien convicted of an aggravated felony thirty days from the final order of deportation to file a petition. 8 U.S.C.A. § 1105a(a)(1) (West Supp. 1992). In the present case, the BIA's final order was dated January 15, 1992; Kerr's petition for review was not filed until March 17, 1992. Thus, Kerr's petition is untimely and we do not have jurisdiction to review his claims. Lee v. INS, 685 F.2d 343, 343 (9th Cir. 1982); see also Stajic v. INS, 961 F.2d 403, 404 (2d Cir. 1992) (statutory provision dictating the filing period for a petition for review is jurisdictional and nondiscretionary).
 
 
 3
 In conclusion, we dismiss the petition for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DISMISSED