25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vahid KERAMATI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9588.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This case involves an appeal of two decisions of the Board of Immigration Appeals. The first involves the denial of Mr. Keramati's motion to reopen his deportation proceedings. We affirm this decision. The second involves a challenge of the Board's order deporting Mr. Keramati. We lack jurisdiction to review this order as the petition for review was not timely filed.
 
 Background
 
 3
 Mr. Keramati is a single male who is a native and citizen of Iran having served in the Iranian army. Mr. Keramati entered the United States in 1985 as a student. Less than a year later an action was commenced to deport Mr. Keramati as he had accepted unauthorized employment. Mr. Keramati's deportation hearing began in 1987 at which time Mr. Keramati admitted the allegations and conceded deportability. Mr. Keramati was then allowed to file a request for political asylum. Nearly a year later, in 1988, a hearing was commenced regarding Mr. Keramati's claim for asylum.
 
 
 4
 Mr. Keramati based his claim primarily upon the fact that his family harbored one or more of his cousins who were opponents of the Khomeni regime. The Board ultimately decided the circumstances described by Mr. Keramati failed to rise to the level of persecution. The Board denied both asylum and the withholding of deportation. This final decision deporting Mr. Keramati was rendered in 1993.
 
 The Petition to Reopen
 
 5
 Mr. Keramati then filed a motion to reopen as by this time Mr. Keramati had resided seven years in this country. The essence of his petition was that his parents are now in the United States as are his two brothers, and it would be an extreme hardship for Mr. Keramati to be separated from his family members.
 
 
 6
 The Board denied Mr. Keramati's motion to reopen. The Board determined that separation from family members does not per se constitute extreme hardship and denied the motion for failure to demonstrate a prima facie case for relief.
 
 
 7
 Mr. Keramati appeals this decision asserting that the Board of Immigration appeals failed to consider all hardship factors.
 
 
 8
 We review the denial of a motion to reopen under an abuse of discretion standard. Turri v. INS, 997 F.2d 1306, 1311 (10th Cir.1993). Our review is limited and the Board's decision must be affirmed so long as the Board considered all relevant factors and was not unreasoned or arbitrary. Id. at 1308.
 
 
 9
 The Board of Immigration Appeals considered the fact that Mr. Keramati would be separated from his parents and two brothers if deported but determined that this did not amount to extreme hardship. Separation of family members is a relevant factor in the analysis but does not compel a finding of extreme hardship. Gebremichael v. INS, 10 F.3d 28, 40-41 (1st Cir.1993); Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). This court cannot second-guess the weight the Board chose to give this matter. Turri, 997 F.2d at 1308-09.
 
 
 10
 Mr. Keramati next argues the Board failed to again consider his persecution claim. It is not an abuse of discretion for the board to decline to reconsider the alien's previously unsuccessful claim of persecution in the context of claim of extreme hardship. Kashefi-Zihagh v. INS, 791 F.2d 708, 710 (9th Cir.1986).
 
 
 11
 Mr. Keramati next argues the Board failed to consider his extensive community involvement. Mr. Keramati failed to raise this issue as a basis before the Board and we will not now consider this issue.
 
 Lack of Jurisdiction
 
 12
 It is axiomatic that the lack of a timely petition for review is jurisdictional and deprives the courts of appeals of authority over final orders of deportation. Stajic v. INS, 961 F.2d 403, 404 (2d Cir.1992).
 
 
 13
 In this case the Board issued its decision denying asylum and withholding of deportation on June 8, 1993. Mr. Keramati did not file a motion for rehearing until December 20, 1993, well past the ninety days allowed for filing for rehearing. 8 U.S.C. 1105a(a)(1). Mr. Keramati did file a motion to reopen on August 30, 1993. However, the filing of a motion to reopen did not render the June decision nonfinal. Bauge v. INS, 7 F.3d 1540 (10th Cir.1993).
 
 
 14
 Therefore, there is no timely petition for review.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470