47 F.3d 1156
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Donovan Albert KNIGHT, A/K/A Paul Knight, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-1651
 United States Court of Appeals,
First Circuit.
 Feb. 17, 1995
 
 Paul Knight on brief pro se.
 Frank W. Hunger, Assistant Attorney General, Francesco Isgro and Donald E. Keener, Office of Immigration Litigation, Civil Division, Department of Justice, on brief for respondent.
 B.I.A.
 PETITION DENIED.
 Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judge.
 PER CURIAM.
 
 
 1
 The instant pro se petition for review, in which petitioner seeks to challenge a decision of the Board of Immigration Appeals upholding his order of deportation, falters on procedural grounds. In 1992, an Immigration Judge found that petitioner, having been convicted of two crimes involving moral turpitude, was deportable under 8 U.S.C. Sec. 1251(a)(2) and was undeserving of discretionary relief under 8 U.S.C. Sec. 1182(c). The Board of Immigration Appeals upheld this ruling in a decision dated September 21, 1993. Petitioner failed to seek review in this court within 90 days, as required by 8 U.S.C. Sec. 1105a(a)(1). Instead, in March 1994, he filed a motion to reopen with the Board, claiming that the decision had not been delivered to him in prison because its mailing label had omitted the alias ("Paul Knight") under which he was incarcerated. The Board denied the motion to reopen, and petitioner filed a timely petition for review. In his appellate brief, he argues solely that the Board's September 1993 decision was in error.
 
 
 2
 We lack jurisdiction to review the Board's 1993 decision because of petitioner's failure to seek timely review thereof. See, e.g., Amaral v. INS, 977 F.2d 33, 35 (1st Cir. 1992) (compliance with statutory filing period is jurisdictional prerequisite); Pimental-Romero v. INS, 952 F.2d 564, 564 (1st Cir. 1991) (same). As such, the only matter open for review is the propriety of the Board's decision not to reopen the case. Petitioner has waived this issue, however, by failing to advance any argument with regard thereto in his appellate brief. See, e.g., Lareau v. Page, 39 F.3d 384, 390 n.3 (1st Cir. 1994); Charles v. Rice, 28 F.3d 1312, 1320 (1st Cir. 1994).
 
 
 3
 We add that the two Board decisions appear fully supportable in any event. Its conclusion that petitioner was responsible for any confusion as to the name under which he received mail was well within its discretion. See, e.g., INS v. Doherty, 112 S. Ct. 719, 725 (1992) (denial of motion to reopen subject to review under abuse of discretion standard). Its determination that petitioner's 1983 conviction was "final" for immigration purposes appears unexceptionable. See, e.g., Morales-Alvarado v. INS, 655 F.2d 172, 175 (9th Cir. 1981) (a conviction is final even though "subject to collateral attack") (cited in White v. INS, 17 F.3d 475, 479 (1st Cir. 1994)). And its finding that petitioner's 1977 conviction was established by clear, unequivocal and convincing evidence appears warranted on the facts presented.
 
 
 4
 The petition for review is denied.