# United States Court of Appeals
## For the First Circuit

No. 04-1968

HELDER DACOSTA PONTA-GARCA,

Petitioner,

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF A FINAL ORDER OF
THE UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT

Before

Torruella, Circuit Judge,
Campbell, Senior Circuit Judge,
and Selya, Circuit Judge.

Roberto Gonzalez and Audette, Bazar, Berren & Gonzalez Inc. on memorandum for petitioner.
John D. Williams, Attorney, Office of Immigration Litigation, on memorandum for respondent.

October 20, 2004

**SELYA**, **Circuit Judge**.  The petitioner, Ponta-Garca, a Portugese national, seeks review of an order reinstating an earlier order of deportation because of his allegedly illegal reentry into this country.  The respondent, the Attorney General, has moved to dismiss, contending that jurisdiction is lacking because the petition for review was not timely filed. We agree.  Thus, we are constrained to grant the motion to dismiss.

The petitioner was ordered deported in 1987 after overstaying his authorized period of visitation.  For reasons that are unexplained in the record, that order was never executed. Seventeen years later, on May 24, 2004, he was apprehended by agents of the respondent and served with a one-page document (Form I-871) entitled "Notice of Intent/Decision to Reinstate Prior Order."  This document relied on a revised statutory provision that took effect in 1997.  The statute provides in part as follows:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date ... and the alien shall be removed under the prior order at any time after the reentry.

INA § 241(a)(5), 8 U.S.C. § 1231(a)(5).  The first part of Form I-871 consisted of the "notice of intent" to reinstate and was signed by an immigration officer (Agent Nelligan).  It charged that the petitioner had departed voluntarily on April 23, 1992, pursuant to the deportation order; that he had illegally reentered the country four days later; and that he was thus subject to removal by

-2-

reinstatement of the prior order.  The notice informed petitioner that he could "contest this determination by making a written or oral statement to an immigration officer."  It also stated that "[t]he facts that formed the basi[s] of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien."  In a box meant to indicate whether the petitioner wished to make such a statement, the handwritten notation "refuse to answer" appears.  A space for his signature is also empty.

The following day, on May 25, 2004, another immigration officer (Agent Riccio) signed a box at the bottom of Form I-871 endorsing a pre-printed "Decision, Order, and Officer's Certification" that the petitioner was subject to removal through reinstatement of the earlier deportation order.  The petitioner sought reconsideration of this decision in a letter from counsel dated June 28, 2004, addressed to the field office director.  That request remains pending.  On July 19, 2004, fifty-five days after Agent Riccio's May 25 decision, the petitioner filed the instant petition for review.

An order reinstating an earlier order of deportation is subject to review under 8 U.S.C. § 1252.  See, e.g., Lattab v. Ashcroft, ___ F.3d ___, ___ (1st Cir. 2004) [2004 WL 2059762, at *2]; Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003).  Section 1252(b)(1) provides that "[t]he petition for review must be filed

-3-

not later than 30 days after the date of the final order of removal." This deadline is a "strict jurisdictional requirement." Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003); see also Pimental-Romero v. INS, 952 F.2d 564, 564 (1st Cir. 1991) (applying former 8 U.S.C. § 1105a(a)(1)). The respondent, noting that the instant petition was filed more than thirty days after Agent Riccio's May 25 decision, asserts that jurisdiction is lacking.

The petitioner's principal response requires an examination of 8 C.F.R. § 241.8, the regulation governing reinstatement of removal orders. The paragraph entitled "Notice" reads as follows:

> If an officer determines that an alien is subject to removal under this section, he or she shall provide the alien with written notice of his or her determination. The officer shall advise the alien that he or she may make a written or oral statement contesting the determination. If the alien wishes to make such a statement, the officer shall allow the alien to do so and shall consider whether the alien's statement warrants reconsideration of the determination.

Id. § 241.8(b). The petitioner's argument runs along the following lines: (i) this provision affords the alien a right to make a statement and thereby seek reconsideration of the determination to reinstate; (ii) by definition, reconsideration may occur only after that determination has been made (here, after Agent Riccio's May 25 decision); (iii) the thirty-day appeal period does not begin to run until the reconsideration request has been resolved; and (iv) far from being tardy, the instant petition is, if anything, premature.

The second step in this analysis fails. It is apparent that

-4-

the "determination" subject to "reconsideration" is not the one made by Agent Riccio in the May 25 decision and order, but, rather, the one made by Agent Nelligan in the May 24 notice of intent. This is confirmed by the language in the notice (which uses the word "determination" five times), as well as by the first two sentences of 8 C.F.R. § 241.8(b). It is also apparent that Agent Riccio's ruling accomplished whatever reconsideration was deemed warranted here (which may have been none, given the petitioner's refusal to provide a statement). Accordingly, counsel's June 28 letter cannot be viewed as invoking the reconsideration mechanism set forth in section 241.8(b); it can only be seen as a separate motion to reconsider or to reopen, and, thus, unconnected to the cited regulation. The filing of such a motion does not toll the thirty-day period for seeking judicial review.[1] See Stone v. INS, 514 U.S. 386 (1995). Consequently, we are compelled to dismiss the instant petition for lack of jurisdiction.[2]

We add a coda. If the representations made by the petitioner's counsel are accurate, he would appear to have a strong

---

[1] Should the eventual disposition of that motion not be in the petitioner's favor, he may, of course, file a separate petition for review with respect thereto.

[2] We summarily reject the petitioner's other arguments. For the reasons discussed above, his exhaustion-of-administrative-remedies rationale is unpersuasive. See Castro-Cortez v. INS, 239 F.3d 1037, 1044-45 (9th Cir. 2001). So too is his reliance on 8 C.F.R. § 1003.3(a)(2); that regulation applies only to decisions that are appealable to the Board of Immigration Appeals.

case on the merits. He contends that he did not voluntarily depart under the prior deportation order but, rather, left the country temporarily to attend a wedding. He also contends that he did not reenter the country illegally but, rather, was inspected and allowed entry. If either of these assertions is correct, the reinstatement provision would appear to be inapplicable by its express terms. Moreover, the petitioner contends that the 1987 deportation order was invalidated by the federal district court in Connecticut at some point after his reentry. If that is so, the administrative reinstatement of that order would appear problematic. See Chacon-Corral v. Weber, 259 F. Supp. 2d 1151, 1164 (D. Col. 2003) ("Because deportation for unauthorized reentry under INA § 241(a)(5) is under the original order of deportation, a determination that the original order was invalid renders § 241(a)(5) inapplicable in a given case."). Particularly in light of the due process concerns that can arise in this context, see, e.g., Lattab, ___ F.3d at ___ n.6 [2004 WL 2059762, at *9 n.6]; Arreola-Arreola v. Ashcroft, 383 F.3d 956, ___ n.5 (9th Cir. 2004) [2004 WL 1977663, at *2 n.5]; Castro-Cortez v. INS, 239 F.3d 1037, 1047-50 (9th Cir. 2001), we encourage the respondent to reexamine the case with care.

We need go no further. The petition for review is untimely and, hence, is dismissed for lack of jurisdiction. The temporary stay of removal imposed by this court on July 30, 2004 is

-6-

rescinded.

    <u>It is so ordered</u>.