**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 16, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-60756
Summary Calendar

---

ISRAEL SEGOVIA-RODRIGUEZ

                Petitioner,

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

                Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77-801-533
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Petitioner Israel Segovia-Rodriguez petitions this court
to review the July 27, 2004 order entered by the Department of
Justice reinstating his prior order of removal.  Because his
petition was untimely, we DISMISS for lack of jurisdiction.

## BACKGROUND

        A native and citizen of Mexico, Segovia-Rodriguez entered
the United States without inspection in 1977.  On July 30, 1979, a
Texas   state   court   convicted   Segovia-Rodriguez   of   felony

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

unauthorized use of a vehicle.  Three years later, an immigration judge ordered Segovia-Rodriguez deported to Mexico.

Segovia-Rodriguez illegally reentered the United States in 1991 and filed various adjustment of status papers with the government.  On February 26, 2004, the Department of Homeland Security denied his application for permanent residence.  Subsequently, the Department issued a notice reinstating Segovia-Rodriguez's 1982 deportation.  Segovia-Rodriguez was served with this notice of intent form on July 27, 2004.  He filed a notice of appeal on August 27, 2004, thirty-one days after he was served with the form.  A central issue in this case thus revolves around whether his appeal was timely.[1]

### DISCUSSION

8 U.S.C. § 1252(b)(1) provides that a petition for review "must be filed not later than 30 days after the date of the final order of removal."  If the petition is untimely, this court has no jurisdiction to review the order of removal.  A valid notice/decision of reinstatement, Form I-871, is a final order of removal.  See Ojeda-Terrazas v. Ashcroft, 290 F.3d 292, 294-95 (5th Cir. 2002).  Segovia-Rodriguez filed his notice of appeal thirty-one days after he was served with Form I-871, and accordingly, we are without jurisdiction to review his appeal.

---

[1]  In our briefing notice, this court urged the parties to brief this jurisdictional issue.  Because we find it dispositive, we do not consider the merits of Segovia-Rodriguez's argument.

Segovia-Rodriguez, however, contends that the Form is not complete, and therefore, cannot serve as a final order. Form I-871 consists of three parts: 1) the facts that formed the basis of the determination to reinstate and the signature of "an immigration officer" indicating that he communicated to the alien those facts and the alien's rights; 2) an acknowledgment and response by the alien; and 3) the "Decision, Order, and Officer's Certification" signed by an "authorized deciding INS official." In the instant case, the signature of an authorized deciding INS official was omitted from the third part. Segovia-Rodriguez would thus have this court use the Warrant of Removal as the final order, under which his petition for review would be timely.

We disagree. The thirty-day period for filing a notice of appeal commences with the issue of the decision to reinstate the prior deportation order, not the issuance of a warrant to implement that decision. The first part of Form I-871 is the conclusive determination of reinstatement; the second and third parts merely acknowledge what has already been decided. Indeed, the first part of Form I-871 uses the word "determination" five times. Ponta-Garcia v. Ashcroft, 386 F.3d 341, 343 (1st Cir. 2004).

In Ponta-Garcia, the alien argued that his appeal was timely, despite its being filed more than thirty days after Form I-871 was completed, because he had sought reconsideration of the Form I-871 decision through a letter to the government. The First Circuit held that the third part of the form--the certification by

3

a second officer––was "reconsideration" of the earlier "determination" of the earlier decision made in the first part of the Form. Id. at 343. Such a reconsideration is only necessary if the alien contests the officer's determination made in the first part. See 8 C.F.R. § 241.8. Accordingly, the Form I-871 used in Segovia-Rodriguez's case is a final order that started the thirty-day clock, despite the fact that the bottom part of the form was not signed.

## CONCLUSION

Because Segovia-Rodriguez was subject to a final order of removal on July 27, 2004, and because he did not file his notice of appeal until 31 days after that final order, this court is without jurisdiction to hear his appeal.

**APPEAL DISMISSED.**

4