24-1475-ag (L)
Azamov v. Bondi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-five.

PRESENT:  RICHARD C. WESLEY,
          RAYMOND J. LOHIER, JR.,
          SARAH A. L. MERRIAM,
              *Circuit Judges.*

-----------------------------------------------------------------------

FIRDAVS AZAMOV, NARGIZA
RAUFOVA, R.D., A.D., R.D., I.D.,

    *Petitioners,*

    v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

    *Respondent.*\*

Nos. 24-1475-ag (L);
24-3058-ag (CON)

-----------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR PETITIONERS:                    ALEXEY V. TARASOV, Esq.,
                                    Rosenberg, TX

FOR RESPONDENT:                     NEHAL H. KAMANI, Trial
                                    Attorney, Office of
                                    Immigration Litigation (Brett
                                    F. Kinney, Senior Litigation
                                    Counsel, Brett A. Shumate,
                                    Assistant Attorney General,
                                    Civil Division, *on the brief*),
                                    United States Department of
                                    Justice, Washington, DC

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioners Firdavs Azamov, Nargiza Raufova, and their minor children (collectively, "Azamov"), natives and citizens of Uzbekistan, petition for review of two Board of Immigration Appeals ("BIA") decisions denying their motions to reopen and reissue the BIA's December 18, 2023 decision affirming the denial by an immigration judge ("IJ") of Azamov's application for asylum, withholding of removal, and protection under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petitions for review.

We review the BIA's denial of a motion to reopen and reissue for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008); *Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007) ("A motion to reissue is treated as a motion to reopen."). But we review constitutional claims and questions of law *de novo*. *See Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

## I. First Motion to Reopen and Reissue

A noncitizen "may file one motion to reopen" "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i). Azamov filed his first motion to reopen on March 28, 2024, more than 90 days after the BIA's December 18, 2023 decision. Azamov justifies the otherwise untimely filing by asserting that he and his attorney did not receive timely notice of the BIA's decision. But under these circumstances, where Azamov had "notice of the proceedings and the hearings, no statute grants a right to relief for failure to receive notice of the BIA's decision." *Ping Chen*, 502 F.3d at 76. The absence of actual notice—that is, the petitioner's non-receipt of the decision— does not affect the filing deadline for a motion to reopen where "the BIA has performed its duty of serving the order." *Id.*

3

Azamov does not dispute the BIA's finding that the record reflects that the agency served its decision electronically on Azamov's attorney at 10:00 a.m. on December 18, 2023. *See* 8 C.F.R. § 1003.3(g)(6)(ii). He nevertheless insists that the BIA's service was "defective," pointing to what he characterizes as his attorney's "undisputed statements" that the decision was never received. Petitioners' Br. 13. But evidence of non-receipt is merely circumstantial evidence of non-service, and "the BIA may reasonably accord less weight to an affidavit of non-receipt than to its own records establishing that the order was in fact [served]." *Ping Chen*, 502 F.3d at 77.

Azamov also points to an alleged statement by a "BIA clerk" admitting that the BIA "never issued a decision in writing." Cert. Admin. R. 33. But Azamov did not disclose this statement to the BIA until his *second* motion to reopen; so the "BIA can hardly be faulted for failing to address" it in response to Azamov's first motion. *Ping Chen*, 502 F.3d at 77; *see also Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (noting that we generally do not review issues unexhausted before the BIA). Even if considered in the context of Azamov's first motion, the alleged statement—communicated in an unsworn letter from Azamov's former attorney—does not demonstrate that "'any reasonable adjudicator would be

4

compelled to conclude' that the BIA failed to correctly [serve] its decision." *Ping Chen*, 502 F.3d at 77 (quoting 8 U.S.C. § 1252(b)(4)(B)).[1]

Therefore, the time to move to reopen began running from December 18, 2023, and Azamov's first motion was untimely. To toll the deadline, Azamov had the burden of showing that he and his former counsel exercised reasonable due diligence in filing the motion. *See Rashid v. Mukasey*, 533 F.3d 127, 131–32 (2d Cir. 2008). But Azamov has abandoned this issue by failing to raise it on appeal. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023). We therefore conclude that the BIA did not abuse its discretion in denying Azamov's first motion to reopen.

## II. Second Motion to Reopen and Reissue

On August 27, 2024, Azamov filed a second motion to reopen, this time arguing that the attorney who represented him in his removal proceedings before the IJ and through the first motion to reopen had been ineffective. This second motion to reopen, filed more than eight months after the BIA's December 2023 decision, was both time-barred and number-barred. *See* 8 U.S.C.

---

[1] Whether a second, mailed copy of the December 2023 decision sent to Azamov was misaddressed is immaterial given the BIA's finding that service was provided electronically to Azamov's attorney. *See* 8 C.F.R. § 1292.5(a); *Stajic v. INS*, 961 F.2d 403, 405 (2d Cir. 1992).

§§ 1229a(c)(7)(A), (C)(i).  The doctrine of equitable tolling provides an exception

to both bars, however, if a movant demonstrates ineffective assistance of counsel.

*See Jin Bo Zhao v. INS*, 452 F.3d 154, 160 (2d Cir. 2006).  To establish ineffective

assistance, Azamov must demonstrate that "he was prejudiced as a result of [his

counsel's] deficient performance."  *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir.

2023).

The BIA concluded that Azamov failed to show prejudice because he did

not demonstrate that there was "a reasonable probability" that this Court would

have granted his petition for review of the December 2023 decision if it had been

timely filed.  Cert. Admin. R. 5.  Relying on *Penson v. Ohio*, 488 U.S. 75 (1988), and

*Douglas v. California*, 372 U.S. 353 (1963), Azamov responds that the lost

opportunity for judicial review itself suffices to establish prejudice.

But Azamov's reliance on *Penson* and *Douglas* is unavailing because both

cases involved the complete absence of counsel, not the ineffective assistance of

counsel.  *See Penson*, 488 U.S. at 88; *Douglas*, 372 U.S. at 354–55.[2]  Accordingly, we

---

[2] The Supreme Court recently held that 8 U.S.C. § 1252(b)(1)'s 30-day filing deadline is non-jurisdictional.  *See Riley v. Bondi*, 145 S. Ct. 2190, 2203 (2025), *abrogating Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 187–89 (2d Cir. 2022).  So even if we used Azamov's preferred legal standard, we would conclude that his counsel's performance has not "entirely deprived [him] of the right to appellate review."  Petitioners' Br. 10.

conclude that the BIA did not abuse its discretion in denying Azamov's second motion to reopen.

We have considered Azamov's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court